*Litchfield,*
June, 1835.

Goodrich
*v.*
Lambert.

---

MATTHEWS *against* TERRY.

The master of a hired servant, whether a minor or of full age, is not em-powered by law to inflict upon him corporal chastisement, though moderate and by way of correction for misconduct.

The statute providing for the instruction of children employed in manufac-turing establishments, (*p.* 320. *tit.* 64. *s.* 7.) does not, expressly, or by im-plication, give this power to the proprietor of the establishment over the children employed in it.

In an action of assault and battery, by a person thus employed, against such proprietor, the defendant cannot, in mitigation of damages, give in evi-dence the improper conduct of the plaintiff in his business, *before* the time of the alleged assault.

THIS was an action of assault and battery. The defendant pleaded the general issue, with notice that under it he should of-fer evidence to prove, that the plaintiff, at the time of the alleged injury, was a minor, thirteen or fourteen years of age, and was the servant of the defendant in the trade and business of man-ufacturing clocks; that the plaintiff conducted himself inso-lently towards the defendant, and refused to obey his lawful commands relative to his duty as such servant; also, that be-fore that time the plaintiff had maliciously destroyed and burned the property of the defendant, *viz.* part of a clock, and materials for the manufacture of clocks; and that at another time, the plaintiff maliciously pulled down and destroyed regulations, which the defendant had fastened up in the manufacturing es-tablishment in which the defendant was employed; whereupon

*Litchfield,*
*June, 1835.*

Matthews
*v.*
Terry.

the defendant moderately chastised the plaintiff for such mis-behaviour.

The cause was tried at *Litchfield, February* term, 1835, before *Bissell,* J.

The plaintiff claimed to have proved, that on the day mentioned in the declaration, the defendant, at his dwelling-house, chastised the plaintiff severely, with a horse-whip ; the defendant having decoyed him thither, for the purpose of inflicting such chastisement.

It appeared, that the plaintiff was a minor, about fourteen years of age, and was then in the employment of one *Daniel Smith,* who hired him to work at the business of making clocks, in the manufacturing establishment of the defendant. It was the practice of the defendant to employ different individuals to take jobs of work, to be performed in the manufactory, with the defendant's materials and tools, and under his charge and superintendence. *Smith* had contracted to do such a job, in this manner, with the assistance of such workmen as he should employ. These workmen were to labour in the manufactory, and be subject to the reasonable controul and direction of the defendant, as proprietor of the establishment. The defendant offered evidence to prove, that before and at the time of the chastisement, and while the plaintiff was employed in the manufactory, as above stated, he had conducted himself improperly, as specified in the notice. The plaintiff objected to the admission of this evidence, on the ground that it afforded no justification or excuse for the chastisement inflicted by the defendant.

The defendant, on the other hand, claimed, that the facts admitted and proved in the case, shewed, that the relation of master and servant existed between him and the plaintiff, and that he had a right to inflict on the plaintiff reasonable chastisement ; that the evidence offered and objected to was, therefore, proper to shew a justification ; or, if it failed to make out a complete defence, it was, nevertheless, admissible in mitigation of damages, and to rebut the presumption of malice, which might otherwise arise against the defendant.

The court adjudged the evidence inadmissible, for either of the purposes specified, and rejected it, except that part which related to the conduct of the plaintiff at the time of the alleged assault.

The plaintiff obtained a verdict, and the defendant moved for a new trial.

*L. Church* and *O. S. Seymour*, in support of the motion, contended, 1. That the defendant had a right to inflict reasonable chastisement on minors employed in his manufactory. This right results from his *duty*, as proprietor of the establishment, to superintend and regulate the conduct and preserve the morals of the children employed therein.   *Stat.* 320. *tit.* 64. *s.* 7.   The same right results from a similar duty, in other relations ; as parent and child, school-master and scholar, master of a ship and mariner, &c.   The duty of the superior could not be performed without a right to enforce obedience.  A command without a sanction, is nugatory.

2.   That the evidence offered by the defendant should have been received, to show that the defendant had not inflicted a wanton injury, but acted under a sense of duty.

3.   That if such evidence did not go to establish a complete defence, it was clearly admissible in mitigation of damages ; for if he acted uprightly and with pure intentions, through a misapprehension of his duty, the jury would not mete to him the same damages, as if he acted maliciously or wantonly.

*Hall*, contra, contended, 1. That it did not appear, that the relation of master and apprentice, or even the ordinary relation of master and servant, existed between the plaintiff and defendant, at the time of the assault, or at any time before. 1 *Sw. Dig.* 61. *Dutton's Dig.* 30.   1 *Bla. Com.* 325.   2 *Kent's Com.* 261.   3 *Kent's Com.* 258.

2.   That admitting the existence of the latter relation, it furnishes no justification whatever of the assault committed by the defendant.  2 *Kent's Com.* 260.   *Newman* v. *Bennett,* 2 *Chitt. Rep.* 195.   (18 *Serg. & Lowb.* 303.)

3.   That the assault being wholly unjustifiable, evidence of provocations given at different times from that when the injury complained of was done, is clearly inadmissible.   *Avery* v. *Ray & al.* 1 *Mass. Rep.* 12.

*T. Smith*, on the same side, was stopped by the court.

WAITE, J.   The first enquiry, in this case, is, whether upon

HARVARD LAW LIBRARY

*Litchfield,*
*June, 1835.*

Matthews
*v.*
Terry.

the facts disclosed in the motion, the defendant had a right to inflict on the plaintiff corporal punishment for misconduct. It is claimed, by the defendant, that the relation of master and servant existed between them, which conferred upon him this right. Admitting that relation to have existed, it by no means follows, that the defendant possessed the power claimed. There is no doubt but that, for just cause, a parent may reasonably correct his child, a master his apprentice, and a schoolmaster his pupil. Yet that power cannot be lawfully exercised, by a master over his hired servant, whether that servant is employed in husbandry, in manufacturing business, or in any other manner, except in the case of sailors. And if the master beat such servant, though moderately, and by way of correction, it is good ground for the servant's departure ; and he may support an action against the master for the battery. 1 *Chitt. Pract.* 73. 75. *Newman* v. *Bennett,* 2 *Chitt. Rep.* 195. (18 *Serg. & Lowb.* 303.)

The plaintiff in this case, was employed by one *Daniel Smith,* who hired him to assist in performing certain labour in the manufactory of the defendant. The plaintiff stood in the same relation to his employer as any other hired labourer. Had he been of full age, it would hardly be claimed, that he would have been liable to corporal chastisement. The circumstance of his being a minor makes no difference. It is not claimed, that the plaintiff, in his contract to labour, conferred upon the defendant the power to chastise him ; and no such power was conferred by law.

But it is further claimed, by the defendant, that this power, if not given by the common law, is conferred by the statute relating to masters and servants. *Stat.* 320. *tit.* 64. That statute requires the proprietors of manufacturing establishments to cause the children employed in such establishments, whether bound by indenture, by parol agreement, or in any other manner, to be taught to read and write, to be instructed in arithmetic, and regularly to attend public worship; and that due attention be paid to the preservation of their morals. It is claimed, not that any such power is expressly given, but that it is necessarily implied from these requirements of the statute, to enable the proprietors to discharge the duties imposed upon them. But no such construction is warranted. If the children employed are apprentices, they are liable to be punished, by their masters, to

whom they are bound, for their misconduct and disobedience. If they are simply hired to labour, as was the case with the plaintiff, and refuse to submit to the reasonable and lawful requirements of their employers, they are liable to be dismissed, like any other hired servants, but not corporally punished.

*Litchfield,*
June, 1835.

Matthews
*v.*
Terry.

The next enquiry is, whether the improper conduct of the plaintiff in the business of the defendant, before the time of the alleged assault, was admissible in evidence for the purpose of mitigating damages. All that took place at the time of the injury complained of, was admitted by the court, and correctly. Circumstances that accompany and give character to a transaction, are always admissible in evidence. *Bracegirdle* v. *Orford,* 2 *Mau.* & *Selw.* 79. Not so with respect to the conduct of the plaintiff, at other times, and upon other occasions. It will not do to say, that a man may beat another person, and when sued for the injury, shew, that on some former occasion, the latter had committed some offence, for which he justly merited punishment. If the defendant were permitted to go beyond the transactions that took place, at the time of the assault, it would be difficult to draw a line between those acts which might, and those which might not, be proved. Besides, if the defendant were permitted to shew the conduct of the plaintiff, at other times, the plaintiff would have a right to introduce evidence to explain that conduct; and thus the attention of the jury would be distracted with a multiplicity of questions and issues.

This question was decided, by the supreme court of *Massachusetts,* in the case of *Avery* v. *Ray* & al. 1 *Mass. Rep.* 12. That was an action for an assault and battery; and the defendant offered evidence to prove, in mitigation of damages, that the plaintiff had caused a scandalous report to be circulated respecting the defendant's sister; and for that the chastisement complained of was afterwards given; but did not claim, that any part of what was offered, happened at the time and place of the assault; and the judges held the evidence offered inadmissible.

We are, therefore, satisfied, that the decision of the superior court was correct; and that no new trial ought to be granted.

In this opinion the other Judges concurred.

New trial not to be granted.