Jewett, J.
— All the issues made by the pleadings in this cause are impertinent and foreign to the merits of *98 the controversy between the parties, except two; namely, the issue in respect to the commission of the trespass complained of, and the issue as to its having been accidental on the part of the defendant. On the trial, the defendant offered evidence to sustain these impertinent issues on his part, which the circuit judge excluded, thereby holding, that the court was not bound to try .such issues, although they had not been stricken out, but stood upon the record; and in that, I think, the judge decided correctly. It would, be a reproach to the administration of justice, to require the court to ^ ,. *try such issues of fact as are wholly impertinent -* and foreign to the merits of the case between the parties, because the parties should, from any motive, think proper to present them by their pleadings. Several cases were cited on the argument, by the counsel for the defendant, which, he seemed to suppose, sustained the point which he made, that the parties had a right to have such issues of fact tried by the jury as they had thought proper to make by their pleadings, however impertinent ; and that the exclusion of evidence pertinent to sustain them by the judge, was erroneous. But, I think, that the counsel was mistaken in respect to the principle decided by those cases.
The case of Meyer v. McLean (1 Johns. 509) is one of the cases cited. There, the action was debt on a judgment recovered in the common pleas; the plea was nil debet; under which a notice was given that an execution upon the judgment had been levied and paid. On the trial, after the plaintiff had produced in evidence the record of judgment, the defendant offered evidence to prove the special matter set up in his notice, it being admitted, though objected to; the defendant had a verdict. A motion was made for a new trial on two grounds: 1. That the plea was not an answer to the declaration: 2. If it was a good plea, it was not such a plea as authorized the giving of any special matter in *99 evidence under it. But the court decided, that by going to trial on the plea and notice, the plaintiff admitted the plea to be valid, as a general issue; that the judge at the circuit was not to decide on the pleadings, and was, therefore, right in admitting the evidence; that a new trial was never granted for a defect in the pleadings.[1] Subsequently, a motion in arrest of judgment in that cause was made (2 Johns. 183), on the ground that the plea of nil debet to an action of debt on a judgment was a nullity; but the court said, that without deciding whether nil debet might or might not be pleaded, foi form’s sake, and as an issue to the country, for the pur pose merely of upholding notices of payment, and thu secure to a person sued on a judgment of one of ou. own courts, the benefits intended by the, statute tee facilitate pleading (1 R. L. 346), they were of opinion,, that the plaintiff ^having treated the plea as a „ ^ legal plea, and having gone to trial upon it, he ^ could not then allege anything against it, and was con eluded by his own acts.
The case of Reynolds v. Lounsbury (6 Hill 534) is another of the cases cited for the purpose mentioned. It was replevin in the cepit; the declaration alleged that the defendant took the property in question. When the cause came on for trial, and the jurors were called, the defendant objected that the issue was immaterial, and the court, therefore, had no authority to try the cause, because it was not alleged in the declaration that the defendant wrongfully took the property, as the statute (2 R S. 528, § 36) required; the objection being overruled, the defendant excepted. The court decided, that the plaintiff should have alleged, that the defendant wrongfully took the property, but the defect was cured by the verdict; that they must then presume, that the court would not have allowed a recovery, unless it appeared that the taking was wrongful. That a fault in the plead *100 ings was not a proper ground for tendering a bill of exceptions; that after the defendant had omitted to demur to the declaration, he could only take an objection to its sufficiency, by motion in arrest of judgment or a writ of error.
It is obvious, that these cases do not, in the least degree, sustain the principle contended for by the .counsel for the defendant, that the judge at the circuit is bound to admit evidence to sustain the issues of fact made by the pleadings, although impertinent to the merits of the cause, and submit them to the jury. They merely show, that where matter material to the merits of the cause is alleged by an informal pleading, or material matter is omitted to be alleged in a pleading otherwise formal, if the party does not demur, but goes to trial upon such pleading, he is concluded by the verdict; and to that effect is the statute. (2 It. S. 424, §§ 7, 8; also 601, § 60; Code, c. 6.) They do not show that it is erroneous, for the judge who tries the cause to exclude the evidence offered upon issues of fact made by the pleadings, which are wholly impertinent to the merits of the controversy involved in the suit.
" *The trespass complained of was clearly -* proved,, and there was no evidence, given or offered, tending to show that it was the result of accident. Conceding that the evidence offered to be given, would have shown sufficient ground of provocation to induce ■ the defendant, under "the immediate influence of the passion thus wrongfully excited by Howe, to inflict personal violence upon him, at the time the assault was made upon the plaintiff, it would not, in the least, have tended to show that the defendant, accidentally, hit the plaintiff, in an attempt to strike Howe.
, It is true, that under the general issue, or denial of the fact charged, the defendant, in mitigation of damages, may give in evidence a provocation by the plaintiff, if it be so recent and immediate as to induce a presump *101 tian, that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff. (Lee v. Woolsey, 19 Johns. 319; Cushman v. Waddell, 1 Bald. 58; Matthews v. Terry, 10 Conn. 455.)
The defendant, in his answer, does not set up, that he was provoked,by any actof the plaintiff,or of any other person, at any time, to commit the alleged violence upon her. It was virtually disclaimed by his answer, as also by the course of the trial, that she was the object to which the blows given by him were aimed, or that she had in any manner provoked him to violence. But if it be claimed, that evidence in mitigation of damages, under an answer denying the trespass, was admissible, as no doubt it was, it is a sufficient answer to say, that the provocation offered to be proved was neither recent, nor of a character which should in any respect mitigate the damages for the trespass committed. The plaintiff had neither done, nor offered to do,any injury to the defendant ; she was more than thirty years of age, owing no service or duty peculiar to him, whose conduct he had no claim of right to govern or control; nearly a year had elapsed from the time she left the defendant’s house, under the influence of Howe, and took up her abode at the house of Dorman, where she had since resided. And although she had continued to live there, as was alleged, in contempt of the *just restraints of morality and decorum, the defendantL did not stand in a position, or hold any relation with her, enabling him to claim any better ground than any other good citizen could, to mitigate the damages for personal violence upon her, by reason of excited feelings from such a cause. The damages sustained by the plaintiff could not be mitigated, by evidence that she was dissolute in her conduct. She was entitled to the same measure of damages for the trespass, as she would have been, if she had sustained a good character for virtue.
*102 The evidence offered and excluded, was not admissible, to impeach the credit of the witness Howe. To do that, the evidence must be confined to his general reputation, and cannot be permitted as to particular facts; for every man is supposed to be capable of supporting the one, but it is not likely, that he should be prepared to answer the other, without notice; and unless his general character only be in issue, he has no notice. (2 Phil. Ev. 431; Cowen & Hill’s Notes, 764-68; Jackson v. Lewis, 13 Johns. 504.)
The complaint concludes by claiming $2000 damages, for which the plaintiff demanded judgment; the jury, by their verdict, assessed the damages at $3000. The counsel for the defendant objected to the receiving of the verdict, on the ground that the damages assessed exceeded, by $1000, the damages laid in the complaint; upon which, the circuit judge ordered that the complaint be amended, to conform with the verdict, and received the verdict; to which there was an exception. The complaint being amended in that particular, a judgment was entered upon the verdict for $3000 damages, besides costs; and from this judgment the defendant appealed to the general term of the supreme court. That court reversed the order of the circuit judge, authorizing the amendment, and determined, that the judgment so entered be reversed and a new trial granted, with costs to abide the event, unless the plaintiff should, within twenty days thereafter, remit the excess of damages beyond the amount claimed by the complaint; upon which, the plaintiff remitted *to ^ the defendant such excess, and thereupon, a judgment was entered in the supreme court, that the judgment recovered by the plaintiff stand ratified and confirmed for the balance of said damages, and that the plaintiff recover against the defendant the sum of $2000 damages, with interest thereon from the time of the verdict. Before the adoption of the code, it was well *103 settled, that the supreme court had no power to allow an amendment of a declaration, after verdict, by increasing the amount of damages claimed, to correspond with the amount of the verdict; except upon the condition that the plaintiff relinquished the verdict, paid the defendant’s costs of the trial, and consented to a new trial. (Dix v. Dey, 3 Wend. 356; Curtiss v. Lawrence, 17 Johns. 111.) The code has not changed this rule.
These cases also show, that the plaintiff had a right to enter a remittitur for the excess of damages found by the jury, over and above the amount claimed by the complaint, and to enter a judgment for the amount so claimed. But if the plaintiff had made up a record and taken judgment therein for the whole amount of the verdict, as the damages claimed by the complaint were less in amount than the verdict, it would have leen erroneous. The complaint being amended by order of the circuit judge, so as to claim damages to the amount of $3000, the judgment entered upon the verdict, under the complaint as amended, so long as the order and amendment stood, was regular on its face, and no error appeared therein. When the court, at general term, on appeal, reversed that order, I think, it had power, and that it was right, to reverse the judgment, and to restore the plaintiff to the right which she had, at the time the order was made, to remit the excess of the verdict and to enter a judgment under the complaint for the balance; and to refuse a new trial, in the event of such remission; ^thereby’placing the parties in the posi- # tian as to their rights which they occupied at the time the order was made by the circuit judge. (Code, tit. 11, §§ 330, 348.)
Judgment affirmed.
Foot, J., dissented

 See White v. Spencer, 14 N. Y. 247, 251.