## Everts *vs.* Everts and Wife.

In an action by husband and wife for an assault upon the wife, no act or words of the husband, unless the wife was privy to, or participated in them, can be proven in mitigation of damages.

Error to Oakland Circuit.

This was an action of trespass, brought by the defendants in error in the Oakland County Court. The declaration was for an assault and battery by the plaintiff in error, on Rebecca, the wife of James Everts, to which there was a plea of general issue, with notice, &c. The cause was removed by election under the statute, to the Oakland Circuit, where it was tried on the merits, and a verdict and judgment rendered for the plaintiff. The Judge charged the jury, that "no act or word of the husband could be considered by them in mitigation of damages, unless the wife was privy to it, or participated in it."

To this charge the plaintiff in error excepted, and on that exception only, brought the cause into this Court.

*M. E. Crofoot,* for plaintiff in error.

The admissions of the husband, in some cases, cannot be given in evidence to affect the wife.

But when they are joint parties, his statements may be given in evidence against both; as when the action is brought for a wrong done to the wife, as for instance slander, his admissions may be given as against both. (*Evans* vs. *Smith,* 5 *Monr.* 363–4; 1 *part Cow. and Hill's Notes,* 149.)

*Baldwin & Draper,* for defendants in error.

By the Court, Pratt, J.

In this case but one error for the reversal of the judgment below is assigned, and that, as alleged, consists in the charge

of the Court to the jury, that "no act or word of the husband could be considered by them in mitigation of damages, unless the wife was privy to it, or participated in it."

This charge, in view of the nature and character of the case, was, beyond all controversy, correct. The assault and battery was committed by the plaintiff in error, on Rebecca, the wife of James Everts; and in bringing the action for the damage, it was necessary for the husband to join with the wife; not because the husband in person had been injured by the assault and battery, but because the law required it. The reason of this legal requirement is too well understood to need any judicial explanation; but the doctrine would be strange indeed, and most manifestly unjust, if, in such a case, the defendant could 'mitigate the damage done to the wife, by mere proof of some act or word of the husband, in which the wife was neither a party or privy. There is no law authorizing such a course, and most certainly there is no principle upon which such a doctrine can be, in reason or justice, established.

The judgment below, therefore, must be affirmed, with costs.

Douglass, J., did not participate in the decision.