THE STATE *vs.* JAMES A. STEVENS.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Upon trial for an assault upon *G*, with intent to murder, *K* testified that immediately after the assault and in the presence of *G*, *H* handed him a glove saying: "*G* says she found the glove in the bed and handed it to me." *Held* inadmissible, as hearsay and not part of the *res gestæ.*

A new trial ought not to be granted for the improper admission of testimony in cases where it is apparent to this court that no injury or injustice to the appellant could have resulted from the error.

Certain rulings of the trial court relative to the materiality of evidence reviewed and upheld in the light of the facts detailed in the record.

Whether a party may cross-examine his own witness upon the ground that the witness is hostile, is ordinarily a matter resting in the sound discretion of the trial court.

[Argued June 13th—decided September 1st, 1894.]

PROSECUTION for an assault with intent to murder, brought originally in the City Court of New Haven where the accused was bound over for trial in the Superior Court for New Haven County. In the latter court the accused was tried to the jury before *Ralph Wheeler, J.,* was convicted and

appealed for alleged errors of the court in regard to the admission and exclusion of evidence.  *No error.*

The case is sufficiently stated in the opinion.

*Levi N. Blydenburgh* and *Harry W. Asher*, for the appellant (the accused).

*Tilton E. Doolittle*, State's Attorney, for the State.

HAMERSLEY, J.  The defendant was bound over to the Superior Court by the City Court of New Haven, upon complaint of the city attorney charging him with the crime of assault with intent to murder, and tried to the jury and convicted in the Superior Court on that complaint.  This appeal is from the judgment on that verdict.  The appeal asks a new trial for alleged errors in the rulings of the Superior Court relating to the admission of testimony.

The person assaulted was one Grace Phillips, who lived with her father and mother by adoption, in a house having a basement, the entrance to which is in the rear, the entrance to the floor above being from the street, and above this floor is an attic in which Grace slept.  The assault was made at half after eight o'clock in the evening, Grace then being in bed.  There was no other person in the house. The assailant entered at the basement door and went upstairs to the attic, where Grace was in bed.  Immediately upon entering the attic he beat her on the head, gave her two or three violent blows, and with a sharp instrument, which the State claimed to have been a razor, cut a deep gash on her face and another on the right side of her neck, barely escaping penetration of the jugular vein.  The night was dark, and Grace could not identify the assailant; she screamed, and he ran out of the room, down the stairs, and escaped by the basement door.  Grace got to the window as soon as she could, opened it and screamed.  Police officer Kerr was near by, heard the screams, and came towards the house, where he saw Grace at the window.  He went into the house and up to the attic, lit a light and saw Grace

sitting on the bedside bleeding, but saw no one else in the room.   He returned to the street door, blew his whistle for help, and immediately police officer Hodge came; he went up alone to the attic, found Grace sitting on the bed, and she then handed him a glove.   Hodge handed this glove to Kerr who came in immediately after, saying: " The girl says she found the glove in the bed and handed it to me." The glove was taken by Kerr to the police office and produced on the trial, and identified as the glove handed by Hodge to Kerr.

The main error assigned relates to the proof of these facts.   Kerr was called as a witness and testified to the declaration of Hodge: " The girl says she found the glove in the bed and handed it to me."   The defendant objected, and the court overruled the objection.

The court erred in admitting this declaration.   It was hearsay evidence, and did not come within any exception to the rule excluding such evidence.   The claim of the State, that the declaration was admissible as a part of the *res gestæ* is not supported by the facts.   Hodge's declaration is plainly no part of the *res gestæ;* and even if the declaration of Grace could be treated as a part of the transaction to be proved, it should have been proved by the direct testimony of Hodge, and not by the hearsay testimony of Kerr.

But we do not think this error is sufficient ground for a new trial, in view of the circumstances of this case appearing in the record.   The only facts that the declaration of Hodge tended to prove were that Grace found the glove in the bed, and handed it to Hodge.   It appears in the record that these facts were subsequently fully proved by direct testimony; that Grace testified to finding the glove on the bed; that Hodge testified that Grace while sitting on the bed handed the glove to him, and that he handed it to Kerr, and that there was no claim by the defense that the glove exhibited at the trial was not the one found by Grace on the bed.   We fail to see how the erroneous admission of the declaration of Hodge could in any way have added to the force of the testimony of Hodge, Grace and Kerr, which

was proper evidence of the subject-matter of the declaration; Nor can we see any way in which the admission of the declaration in this case could have injuriously affected the defense. The law is very clear that a new trial ought not to be granted for the improper admission of testimony in cases where it is apparent to the court that no injury to the complainant and no injustice could have resulted from the error.

The other rulings complained of relate to the exercise of discretion by the court in controlling the examination of witnesses by counsel, and to the determination of the materiality of evidence admitted and excluded. The finding of facts details at considerable length the facts claimed to have been proved by the State and by the defense, and portions of the testimony. We are satisfied that under the well settled and familiar rules of evidence, there is nothing substantial in the errors alleged, and a brief statement of the objections will be sufficient to show that the court did not err in the exercise of its discretion, and that the defendant did not suffer from the admission of immaterial, or the exclusion of material, evidence.

*First.* The State called as a witness Henry H. Phillips, who had adopted Grace as his child, and examined him as to a conversation he had had with the defendant, in which the defendant asked his consent to marry Grace. The State claimed that the jealousy and anger of the defendant at the rejection by Grace of his addresses, was the main inducement to the assault. The witness was examined on no other point. On cross-examination the defendant inquired: " You were arrested for this offense, were you not? " The question was objected to and excluded. The court did not exceed its legitimate discretion in excluding that question at that time upon such cross-examination. *Chapman* v. *Loomis*, 36 Conn., 459. Subsequently the same witness, Phillips, was called as a witness for the defense, and asked on direct examination: " By the way, you were arrested for this offense, were you not? " The defense claimed that immediately after the assault Grace had declared that her

father cut her, but did not offer to show then or at any time that any prosecution was pending or had ever been commenced against Phillips. Upon objection the question was excluded. The court was justified under the circumstances of the case in holding the question to be immaterial. The defense further examined Phillips as its own witness for the avowed purpose of proving that there had been a recent quarrel between Phillips and Grace, and that he had hard feelings against her. After Phillips had denied any quarrel, the defense examined him as to whether he had upbraided her for staying out nights, and upon his denial of this, proceeded to examine him as to whether he had made any complaint at the police office about Grace, and the court upon objection stopped the defense in its inquiry as to complaints at the police office. The defense also asked the witness if he did not remember saying upon the hearing at the City Court : "She has not minded us very well lately," and on objection this question was excluded. The defense offered no direct testimony, except that of the witness Phillips, to show either that Phillips had any motive to assault his daughter, or that he was at the house at the time the assault occurred ; and Phillips as a witness called by the defense, in response to the inquiry of the defense, testified that from eight o'clock until he went home and found the officers at his house, he was at Leslie Freeman's coal office at the corner of Goffe and Orchard streets in the company of George Constant and George Besham. We think it plain that under these circumstances the court was justified in finding that the questions excluded were immaterial to any fact legitimately at issue ; especially if the court believed, as may be inferred from the record, that the examination of Phillips was conducted for the real purpose of obtaining in this way some statements that might be used to discredit the witness Grace, and which were entirely inadmissible for such purpose.

*Second.* The defendant was called as a witness in his own behalf and asked: "Do you know if Grace Phillips was discharged from the choir?" The court excluded the ques-

tion. The fact that she had left the choir was in evidence, and the question was claimed for the purpose of showing she was discharged for some improper conduct. The credit of the witness Grace could not be attacked in that way.

*Third.* The State claimed that the assault was made with a razor; that the accused at the time of the assault owned a razor; and after the assault falsely told an officer, and also had himself testified, " that he had broken his razor two months before the assault by dropping it, and had thrown it away, and that he had been shaved by one Anthony since." In connection with evidence tending to prove that the accused had not broken his razor as he claimed, and had used it to shave himself, down to two or three days before the assault, the State called as a witness one Samuel Sands and asked him: " What do you remember about Stevens, if anything, using that razor, or allowing him to use it? " The question was objected to as indefinite as to time, and admitted. Whereupon Sands testified that Stevens used his razor about three months before the cutting, without his permission, and when he charged him with it he admitted using it, and gave as an excuse that his razor was broken. The accused then objected to the question and answer, on the ground that the evidence was immaterial, and the court overruled the objection. The answer of Sands removed the objection as to the form of the question. *Tyler* v. *Todd,* 36 Conn., 221. And we cannot say that the court was not justified in regarding the evidence of Sands as a circumstance not wholly immaterial in connection with the other evidence offered, tending to prove that the accused falsely denied his possession of a razor, and made untrue statements in asserting the loss of his own razor, and in attempting to account for its alleged loss. There can be no question as to the materiality of such fact.

*Fourth.* The State called as a witness one George R. Burton, and claimed to be surprised by the testimony of the witness, and that the witness had told a different story, and claimed the right to cross-examine him as a hostile witness. The court was of the opinion that the witness was hostile

and unwilling to give evidence, and permitted the State to inquire of the witness as to his previous statements. The defense objected to the questions because they were leading, and on no other ground. The court overruled the objections. This was a matter within the discretion of the court, and there is nothing in the record to indicate that the discretion was not properly used.

A new trial is denied.

In this opinion the other judges concurred.