Devereux *v.* Armstrong.

HARRIET S. DEVEREUX ET AL. *vs.* DAVID F. ARM-
STRONG, EXECUTOR.

Second Judicial District, Norwich, April Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The propriety of the withdrawal by the court of an issue from the con-
sideration of the jury, cannot be determined by this court in the ab-
sence of the evidence or a summary of it agreed upon and approved
by the trial court.

A retrial will not be granted by this court for the erroneous admission
of a single scrap of evidence trivial in its nature and without any
probable effect upon the verdict reached; and this is especially
true in a will contest, where the mental capacity of the testator
is in issue, and the conclusion of the jury is deduced from a mass
of evidence touching the life, habits, actions and expressed thoughts
and beliefs of the decedent.

Argued April 24th—decided June 1st, 1923.

APPEAL by the plaintiffs from an order and decree
of the Court of Probate for the district of New Lon-
don approving and admitting to probate an instru-
ment in writing as the last will of Augusta L. Luther of
New London, deceased, taken to the Superior Court
in New London County and tried to the jury before
*Jennings, J.;* verdict and judgment for the defendant,
and appeal by the plaintiffs. *No error.*

*Hadlai A. Hull,* for the appellants (plaintiffs).

*Charles B. Waller* and *George C. Morgan,* for the
appellee (defendant).

WHEELER, C. J. The court withdrew the claim of
undue influence from the jury. Since the appellants
have not brought before us the evidence, or a summary
thereof agreed to and approved by the trial court, we

cannot consider the assignment of error based upon such withdrawal. *Dick* v. *Colonial Trust Co.*, 88 Conn. 93, 98, 89 Atl. 907.

The only other question pressed in argument is a ruling on evidence relating to the admission of certain New London directories. We will consider this ruling in its application to the remaining issue, that of the mental capacity of the testatrix, Mrs. Luther. The testatrix became estranged from her sister Mrs. Gaillard on account of her relations with one John C. Bolden. Mrs. Gaillard was secretly married to Mr. Bolden in the latter part of 1897, but her marriage was not known to the testatrix until about two years thereafter. Certain declarations of the testatrix were offered by the appellants and admitted, to the effect that Mrs. Gaillard was living with Mr. Bolden in the Harris Building in New London as if she were married to him. As tending to controvert the claim of the appellants that this belief was an insane delusion, and to show that it rested upon a reasonable foundation, the city directories of New London for the years 1899–1901 inclusive were offered, to show that the entries in the directories of the names of Mrs. Gaillard and Mr. Bolden would furnish reasonable foundation for a belief on the part of the testatrix that Mrs. Gaillard and Mr. Bolden were in fact living together as husband and wife in the Harris Block in New London during this time. The declarations of the testatrix were admitted for the purpose of proving her mental condition and this belief in respect to the testatrix's sister. The directories were admitted not in proof of the truth of their entries, but that these entries were in the directories and were a probable source of information to the testatrix. The appellee's counsel argue truly that the admissibility of these directories depended upon the probability of the in-

formation conveyed by the entries coming to the attention of the testatrix. No evidence was offered to prove that in fact the testatrix knew of these entries; without such proof no presumption of such knowledge could arise. And if the appellee had proved that the testatrix knew of these entries, they would not by themselves tend to prove that the belief of the testatrix, as expressed in these declarations, was reasonably probable. We think the court was in error in admitting the directories for the purpose claimed.

It does not follow that a new trial should be granted for the improper admission of evidence. It must further appear that the admission may have affected the judgment of the jury or court in a way harmful to the appellant. In view of our inability to find in these entries any reasonable ground for the testatrix's alleged belief, we are unwilling to assume that the jury must have found what we cannot find, and then relied upon it in reaching their verdict. Moreover, upon an issue such as mental incapacity, the conclusion is ordinarily made up from a long detail of the testatrix's life, habits, actions and expressed thoughts and beliefs, and out of the mass it will seldom occur that a solitary piece of evidence can be said to be of such consequence that its admission ought to undo the results of a long trial, conducted so far as the record shows with this single error. In this case the error made must have been inconsequential in its effect upon the verdict reached. A new trial ought not to be granted for the improper admission of evidence "where it is apparent to the court that no injury to the complainant and no injustice could have resulted from the error." *State* v. *Stevens*, 65 Conn. 93, 96, 31 Atl. 496.

There is no error.

In this opinion the other judges concurred.