ETHEL AGNES DONOGHUE *vs.* J. FRANCIS SMITH ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 16th—decided December 15th, 1931.

*Michael V. Blansfield,* for the appellants (defendants).

*William K. Lawlor,* for the appellee (plaintiff).

BANKS, J. The plaintiff suffered injuries resulting from a collision between an automobile in which she was riding and one owned by the defendant Smith and operated by the defendant Farrington. The verdict of the jury awarded her damages in the sum of $9000 and the defendants appeal from the denial of

their motion to set the verdict aside as contrary to the evidence and excessive, and also assign error in the rulings on evidence and the charge of the court.

The rulings complained of were, with one exception, those which overruled the defendants' objection to testimony offered by the plaintiff. The finding, to which alone we can refer, does not contain the answers to the questions objected to, and we are therefore unable to determine whether the admission of the evidence was prejudicial to the defendants. The remaining ruling to which exception is taken sustained an objection to the testimony of a physician as to the contents of a hospital record, which was itself already in evidence, and was clearly correct.

The complaint alleged that the plaintiff had received very severe and serious injuries from which she would suffer. for a long period of time to come and the plaintiff offered evidence that she had suffered injuries of such character, and also that she had an injury to her heart which would permanently incapacitate her. The court charged the jury that, if they found in her favor, they might award the plaintiff damages to compensate her for such pain and suffering and physical impairment and incapacity as it was reasonably probable that she would suffer in the future. No evidence was offered as to the plaintiff's life expectancy. The defendants claim that the court erred in permitting the jury to award the plaintiff compensation for future pain and suffering and incapacity since, in the absence of evidence of her life expectancy, they had no measure by which they could reasonably compute the length of time of her future suffering and incapacity. As to injuries which will cause the plaintiff pain and suffering in the future, but which are not permanent, it is obvious that the plaintiff's expectancy of life is not the measure of the

duration of the pain and suffering, since it is not claimed that they will continue to the end of life. As to such injuries, the medical and other testimony as to the nature of the injuries and the probable duration of the suffering therefrom furnishes the jury a sufficient basis for an award of compensation. In the case of permanent incapacity or impairment, mortality tables are commonly used to assist the jury in estimating the expectancy of life of the plaintiff and thus determining the period of the probable duration of such incapacity. Such tables only give the average of a large number of lives and in the individual case the expectancy may be higher or lower than the average. While generally held admissible, they are not conclusive, nor are they the exclusive evidence admissible in proof of that fact, which the jury may determine from other evidence such as the age, health, habits and physical condition of the plaintiff. Sterling v. Union Carbide Co., 142 Mich. 284, 105 N. W. 755; Deisen v. Chicago, St. P., M. & O. Ry. Co., 43 Minn. 454, 45 N. W. 864; Amos v. Delaware River Ferry Co., 228 Pa. St. 362, 77 Atl. 12; 17 Corpus Juris, p. 875, § 181, p. 1036, § 331. In Jackiewicz v. United Illuminating Co., 106 Conn. 302, 138 Atl. 147, we held that the probable duration of the plaintiff's life could be proved from standard mortality tables, and said that this method of proving it was a customary one and the best thus far found for establishing that fact. This was far from saying that it was the only method by which the probable duration of the plaintiff's life could be determined. Other criticisms of the charge in the assignments of error are without merit and do not warrant discussion.

The evidence fully justified a verdict in favor of the plaintiff. The verdict of the jury awarded her damages of $9000. The defendants contend that the jury could not reasonably conclude that the plaintiff's in-

juries proximately resulting from the negligence of the defendants were serious in their nature, and that the trial court should have set aside the verdict as excessive. Their claim is twofold, first, that the jury were not justified in awarding the plaintiff compensation for permanent incapacity since, as they claim, there was no evidence in the case as to the probable duration of the plaintiff's life, and second, that certain of the ailments from which the plaintiff suffered were not shown to have resulted from the injuries received by her in the accident in question. The jury had before it evidence as to the age, health, habits and physical condition of the plaintiff and, as already stated, evidence of this character furnished a sufficient basis for a determination of the probable duration of her life. The accident in which the plaintiff was injured occurred January 29th, 1930. The physician who attended her at the hospital testified that she was in state of total collapse, that she had a concussion of the brain, a broken rib and traumatic pleurisy, that within twenty-four hours she had a severe flow of blood from the womb which lasted three days, and a few days later recurred in more severe form, and that her heart on the second day after the accident showed a marked flutter. She was in the hospital until February 19th. On April 17th she returned to the hospital and submitted to an operation for bleeding from the womb following an abortion. On November 11th she was examined by a physician who specialized in diseases of the heart, who testified that she was suffering from a bad condition of the heart which failed to function properly, resulting in an insufficient flow of blood into the lungs, and that this was a permanent condition resulting in permanent incapacity. Counsel for the defendants made a motion that the testimony of the physician who performed the operation on April

17th and of the one who examined her heart on November 11th be stricken out on the ground that there was no evidence to establish that either the abortion and flow of blood or the heart condition resulted from the accident in which the plaintiff was involved. This motion was denied, and the claim is now made that because of such lack of causal connection these items should not have been considered by the jury in fixing the amount of the plaintiff's compensation. An examination of the evidence discloses that this contention is not well founded. The physician who performed the operation of April 17th testified that the condition for which he operated was due to the shock of the accident, and the heart specialist testified that her heart condition was the result of the accident.

The answers of the jury to a number of interrogatories propounded to them upon the question of damages indicated an intelligent consideration of the evidence and discrimination between the injuries of the plaintiff which resulted from the accident and others of which she complained, but the causal connection of which with the accident was not established by the evidence. There was evidence of special damages, expense incurred on account of the injury, in excess of $900. The action of the trial court in refusing to set aside the verdict is entitled to great weight, and we cannot say that its conclusion that the verdict did not include damages beyond what was fair and reasonable compensation was erroneous.

There is no error.

In this opinion the other judges concurred.