Oswald Morache *vs.* Samuel Greenberg et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued March 10th—decided April 18th, 1933.

*Alexander Winnick,* for the appellants (defendants).

*Cornelius J. Danaher,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover for injuries suffered by reason of an assault committed upon him by the defendants pursuant to a conspiracy to that end, and from a judgment in his favor the defendants have appealed.   No corrections in or additions to the finding which would be material to the issues in the case can be made, and that finding sustains the judgment rendered.   The defendants' principal claims of error present a number of rulings upon evidence.   The claimed errors in admitting certain questions over the defendants' objections need not be considered because the finding does not show the answers made to them, if any.   *Donoghue* v. *Smith,* 114 Conn. 64, 157 Atl. 415.   The question asked upon cross-examination of a police officer called by the plaintiff as to what he understood from a conversation with one of the defendants was clearly inadmissible.

*Swayne* v. *Felice,* 84 Conn. 147, 150, 79 Atl. 62.  The finding states that certain matters excluded as not proper cross-examination of one of the defendants called by the plaintiff were later given in evidence by him when called as their witness, and the rulings could have done no harm.  The testimony that the plaintiff, while in the hospital as a result of the assault, was fed through a tube as a result of an injury to his jaw, was fairly within the scope of the injuries alleged; the complaint stated that the plaintiff suffered a fracture of the jaw bone, and the fact that he had to be fed in this way was an incident of that injury just as much as the other steps taken in the reduction and curing of the fracture.  The court was correct in excluding the characterization given by one witness of certain letters not in evidence as threatening and black mailing.

The defendants claimed that the plaintiff had been unduly familiar with the wife of the defendant Greenberg, who was the sister of the other defendants, and they assign as error the exclusion by the court of certain questions asked in connection with this contention.  These facts, if true, would not, of course, have justified the assault.  We allow proof of provocation in certain circumstances in mitigation of damages, but this mitigation goes only to exemplary damages and not to those which are compensatory; the circumstances to be considered are such as tend to show that the assault was the result of sudden impulse or passion and to rebut any claim that the defendant was actuated by premeditated malice; and the provocation must be so recent, or at least have come to the knowledge of the defendant so recently, that the passions and impulses created by it have not had time to cool.  *Matthews* v. *Terry,* 10 Conn. 455, 459; *Bartram* v. *Stone,* 31 Conn. 159, 163; *Killian* v. *Bolster,* 96 Conn.

693, 694, 115 Atl. 469; *Lentine* v. *McAvoy,* 105 Conn. 528, 531, 136 Atl. 76; 5 C. J. 678. The inquiry being directed to the mental condition of the defendant produced by the provocation, acts or words of the plaintiff which did not come to his knowledge are immaterial. *Gaither* v. *Blowers,* 11 Md. 536, 551. The trial court allowed the defendants wide latitude in the offer of evidence. Certainly it was not in error in excluding the question addressed to the plaintiff asking whether he had been away with Mrs. Greenberg since her marriage, and the question asked of her whether the plaintiff had slapped her face, in the absence of any finding that these matters came to the knowledge of the defendants. The question asked of Mrs. Greenberg, whether she believed certain threats made to her by the plaintiff, was clearly inadmissible.

The defendant Greenberg was asked upon his direct examination what information his wife imparted to him prior to his going to Meriden, where the assault occurred, and the court excluded the question. Words or actions admissible in evidence to support a claim of provocation in mitigation of damages are restricted to those immediately connected with the assault, to which the defendant was a party or for which he was responsible. *Everts* v. *Everts,* 3 Mich. 580; *Le Laurin* v. *Murray,* 75 Ark. 232, 238, 87 S. W. 131; *Wirsing* v. *Smith,* 222 Pa. St. 8, 70 Atl. 906. The question was so framed that it might well have elicited in answer matter clearly not admissible under this rule and the trial court did not err in excluding it.

There is no error.

In this opinion the other judges concurred.