ELIZABETH CALKINS *v.* LIGGETT DRUG COMPANY, INC., ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 6th—decided February 1st, 1938.

*Harry Krasow,* for the appellant-appellee (plaintiff).

*Martin E. Gormley,* for the appellant (named defendant).

*Michael V. Blansfield,* with whom was *Harry M. Albert,* for the appellee (defendant Thomas F. Moran & Sons, Inc.).

BROWN, J.   In this action the plaintiff seeks to recover of the named defendant, operator of a drug store, and of the other defendant, repairer under contract of an entrance thereto, for injuries sustained by a fall due to the claimed defective condition of the floor repaired.   The named defendant is referred to herein as the defendant, and the other defendant as the contractor.   These undisputed facts are found: In October, 1936, the defendant, which operated a corner drug store in Waterbury, contracted with the contractor for the alteration of a doorway to the store opening on North Main Street.   The alteration in-

volved changing the hinges to the opposite side and rehanging the door thereon. This necessitated the removal of the bottom pivot hinge from the concrete floor in which it was imbedded, resetting it at the other side of the doorway, filling with a concrete mixture the depression left by its removal, and the substitution of a new metal threshold under the edge of the door. With the exception of installing the new metal threshold, the contractor did the work during the evening of Sunday, November 15th, 1936. From the time this work began until the following morning the door was kept closed and a sign on it requested the public to use the other doorway. On the morning of November 16th the contractor inspected the work, tested the concrete that had been placed in the depression, and indicated its surface was reasonably safe for travel. The contractor completed the job by setting the metal threshold on December 23d, 1936. At 5.15 p. m. November 16th, 1936, the plaintiff, in entering the store, stepped on the place filled in with the concrete mixture and fell, sustaining the injuries complained of.

These further facts were properly found by the court upon the evidence: For some time prior to and at the time of the plaintiff's fall, the surface of the entrance-way at the place where she fell, which had been walked over by people using it during the day, was depressed, defective and unsafe for public use. The defendant had actual knowledge of this through its manager, who had caused particles of broken cement to be brushed back into the depressed surface. Notwithstanding its knowledge of this unsafe condition, the defendant permitted the entrance-way to remain open for use by the general public, including the plaintiff, without giving notice of any kind of its unsafe condition. The defendant did not notify the

contractor of the unsafe condition until after the plaintiff's fall. This condition of the floor caused the fall of the plaintiff who was in the exercise of due care.

Since the plaintiff does not press her appeal from the judgment in the contractor's favor except in the event the defendant prevails upon its appeal, unless the court erred in rendering judgment against the defendant, it is unnecessary to pass upon the judgment for the contractor. *Rose* v. *Reisler,* 118 Conn. 632, 633, 174 Atl. 66. As counsel for the defendant conceded in argument, its liability in this case depended upon the essential factor that it had control over the place where the plaintiff fell and its use by the public. The trial court stated as one of its conclusions that prior to and at the time of the plaintiff's fall the defendant had control of it. If this is to be regarded as an inference drawn by the court from the subordinate facts it has found, they are sufficient to support it and the evidence adequately sustains those findings. An examination of that evidence, brought before us under the assignments of error seeking corrections in the finding, also shows that there was direct evidence that the defendant was in control of the doorway and that in fact there was no conflict in the evidence as to this. The manager of the defendant's store testified that he had control of the door at all times, and the assistant manager that Moran had no control of it, both without objection from the defendant. The statement of the trial court in its conclusion that the defendant had control of it was obviously based, in part at least, directly upon the evidence, and to that extent may properly be reviewed upon the basis of that evidence. *Slosberg* v. *Norwich,* 115 Conn. 578, 581, 162 Atl. 772.

Apparently it was the defendant's contention at the trial, which is reiterated in its brief, that as a matter

of law, since the metal threshold had not been installed in completion of the contract when the plaintiff fell, the contractor and not the defendant was in control. There being no contract provision concerning it, it sufficiently appears from those of the facts above recited of significance upon this issue, that whatever control the contractor may have had of the entrance-way while actually doing work under the contract, after it had made its inspection and report on the morning of November 16th, full and actual control thereof was in the defendant. Nor does the further fact that the installation of the metal threshold, not then available, remained by the terms of the contract to be done later, militate against this conclusion. The court did not err in concluding that prior to and at the time of the plaintiff's fall the defendant had control of the place in question.

The defendant having had actual control of the entrance-way during the day of the plaintiff's fall, the existence of its contract with the contractor pursuant to which the repairs to the floor had been made, afforded it no defense. The contract called for the installing of a new metal threshold and the rehanging of the door as well as the change made in the concrete floor. The door was hung on the evening of November 15th, but the threshold was not installed until December 23d. There was testimony that on December 31st, 1936, the contractor returned and adjusted the door. Had the contractor on either of those last two occasions in doing the work, negligently injured the plaintiff, the defendant could effectively have interposed the defense of independent contractor to her action against it therefor. As to the defect in the floor which caused the plaintiff's fall, however, under the circumstances of this case it was the defendant's duty to use reasonable care to see that the premises

were in a safe condition for the plaintiff and others invited there for the purposes of business. *Newell* v. *K. & D. Jewelry Co., Inc.,* 119 Conn. 332, 334, 176 Atl. 405.

The defendant's remaining claims of error present certain rulings upon evidence during the testimony of three different witnesses. All of these are included in a single long paragraph of the finding. In it, incident to the testimony of two of the three, appear different rulings in the course of the testimony of the same witness, as to all of which an assignment of error is directed in general terms. This procedure is in direct violation of § 362 of the Practice Book and has been repeatedly condemned by this court. *Doolan* v. *Heiser,* 89 Conn. 321, 323, 94 Atl. 354; *Cramer* v. *Hartford-Connecticut Trust Co.,* 110 Conn. 22, 35, 147 Atl. 129. It is also unnecessary to consider the single ruling as to the testimony of the third witness, admitted over objection, since the finding shows no answer thereto. Practice Book, § 359; *Morache* v. *Greenberg,* 116 Conn. 549, 550, 165 Atl. 684. Disregarding, however, these technical but entirely conclusive answers to these errors assigned, the finding reveals no ruling which was prejudicial to the defendant.

There is no error.

In this opinion the other judges concurred.