## PETRONELLA LUSAS *v.* ST. PATRICK'S ROMAN CATHOLIC CHURCH CORPORATION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 3—decided February 7, 1939.

*Robert J. Woodruff,* with whom was *Edward S. Snyder,* for the appellant (plaintiff).

*John S. Monagan,* for the appellee (defendant).

AVERY, J.   The plaintiff brought an action against the defendant returnable to the Court of Common Pleas for the Judicial District of Waterbury.   There-

after, the pleadings in the case were closed and on November 25, 1936, the cause was ready for trial before a jury. On that day, a withdrawal of the action was filed and signed by the attorneys for both the plaintiff and defendant. Thereafter, on January 2, 1937, the plaintiff filed a motion to restore the cause to the docket which was granted by the court on February 2, 1937. The defendant appealed, *Lusas* v. *St. Patrick's Roman Catholic Church,* 123 Conn. 166, 193 Atl. 204, and we held that inasmuch as the term of the Court of Common Pleas expired December 18, 1936, the action of that court in restoring the cause to the docket at a subsequent date was erroneous, and remanded the cause for further proceedings in accordance with law. Subsequently the plaintiff brought the present action seeking to have the withdrawal set aside and a new trial granted. Without any question being raised as to the form of the proceeding, the case was tried in the Court of Common Pleas and judgment rendered in favor of the defendant, from which the plaintiff has appealed. In this appeal the plaintiff asserts that the subordinate facts found by the trial court do not justify its conclusion that the plaintiff assented to the withdrawal of the original case. The plaintiff also assigns error in certain rulings on evidence.

The plaintiff has asked for numerous corrections and additions to the finding; but, as the evidence of the case is not made a part of the record, there is nothing before this court to furnish a basis for a correction of the finding and we must consider the case upon the facts found by the trial court. *State* v. *Jones,* 124 Conn. 664, 665, 2 Atl. (2d) 374; *Livingstone* v. *New Haven,* 125 Conn. 123, 124, 3 Atl. (2d) 836. From the finding it appears that Mrs. Lusas met Mr. Monzani, her attorney at the time, on the morning of the day of the trial shortly after 8 o'clock, at his office. She was

accompanied by her two sons. The lawyer called Mrs. Lusas and her two sons into his private office for an interview. A court interpreter was also present who understood her language. Her attorney there informed her that the best thing to do was to withdraw the case. Subsequently the plaintiff went to the county building with one of her sons and the interpreter. There the plaintiff wept and was hysterical and asserted she wanted the case to go to trial. Her attorney informed her that he could not prove her case and that the insurance company representing the defendant would not pay anything in settlement and that if the case were withdrawn it would be ended. Finally she told him to withdraw the case and the withdrawal was signed in her presence. It is generally recognized that the general authority of an attorney does not empower him, unless expressly authorized by his client, to discontinue or withdraw a case where the ultimate rights of the parties will be thereby terminated. 7 C. J. S. 908. In such a matter the party has control of the litigation. *Erickson* v. *Foote,* 112 Conn. 662, 666, 153 Atl. 853. The finding of the court, however, by which we are bound, amply supports the contention of the defendant that the attorney was authorized by the plaintiff to sign and file the withdrawal. The conclusion of the trial court that the plaintiff assented thereto cannot be successfully attacked.

In the former appeal the question presented was the action of the trial court in restoring the case to the docket. In a memorandum the judge gave as the reason for his action that "a real consent to withdrawal was never given by this plaintiff," and the plaintiff now claims this statement of the judge in his memorandum as res adjudicata. The condition precedent to the application of that doctrine is the existence of a

judgment. *Fuller* v. *Metropolitan Life Ins. Co.*, 68 Conn. 55, 65, 35 Atl. 766; *Spencer* v. *Mack,* 112 Conn. 17, 24, 151 Atl. 308; 15 R. C. L. 950. Since the record discloses no judgment, the doctrine does not apply.

In the course of the trial the plaintiff was sworn as a witness and testified that she was in the private office of her attorney on the morning of November 25, 1936; and, later on the same morning, in his office on Bank Street; that in both places there was a discussion concerning the withdrawal of her case, and that she wished a trial and did not wish the case withdrawn and did not assent to its withdrawal. On cross-examination, she was asked how many lawyers she had consulted in reference to the case prior to the time that she consulted Mr. Monzani. The question was objected to as immaterial and over the objection of the defendant she stated that she had consulted three. As far as appears from the finding, it was of no materiality upon the question at issue whether or not she had consulted other lawyers about her case before consulting Mr. Monzani. Assuming that the admission of this evidence was erroneous, it does not appear that it was harmful. The case was tried to the court and we do not think it likely that the decision of the court upon the question as to whether she had authorized her attorney to sign the withdrawal could have been affected by her testimony that she had previously consulted three other attorneys. "A new trial ought not to be granted for the improper admission of evidence 'where it is apparent to the court that no injury to the complainant and no injustice could have resulted from the error.'" *Devereux* v. *Armstrong*, 99 Conn. 158, 160, 121 Atl. 173; *State* v. *Stevens,* 65 Conn. 93, 96, 31 Atl. 496.

In the course of the trial John T. Monzani, an attorney at law, who stated that he had acted as counsel for

the plaintiff at the time of the withdrawal, was asked what was said about the case in his office, if anything. Counsel for the plaintiff stated to the court that the communication was between attorney and client and privileged, that he did not make any objection to the testimony of the attorney but did not waive any rights of the plaintiff. After some discussion the question was admitted. It does not appear what the answer was or whether the question was answered at all. Under these circumstances it is unnecessary for us to determine whether or not there was any error in the action of the court. *Morache* v. *Greenberg,* 116 Conn. 549, 550, 165 Atl. 684; *Donoghue* v. *Smith,* 114 Conn. 64, 65, 157 Atl. 415.

There is no error.

In this opinion the other judges concurred.