WALTER JOHNSON *v.* LOUISE B. FISKE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 4—decided May 5, 1939.

*Joseph F. Berry*, with whom, on the brief, was *Richard F. Berry*, for the appellant (defendant).

*Cyril F. Gaffney*, for the appellee (plaintiff).

BROWN, J. The defendant's appeal attacks the court's charge to the jury and its denial of her motion to set aside the verdict. At about half past four on the afternoon of October 12, 1936, the defendant was driving her automobile southerly on South Main Street in New Britain approaching Edson Street which intersects it from the west. That portion of South Main Street is straight, substantially level, thirty-four feet wide and located in a populous district. As she proceeded at about twenty-five miles per hour on a dry concrete road, upon reaching a point about opposite the northerly sidewalk of Edson Street, the defendant saw the plaintiff, who was a boy six years ten and a half months old, standing just west of the west curb of South Main Street a few feet south of the southwest curb corner of the two streets, just before he stepped into the street. Without further observing the plaintiff, the defendant continued on and neither reduced her speed nor sounded her horn. There was no car parked in the vicinity and there was no other traffic in the street. As the defendant proceeded, the right door handle of her car came in contact with the plaintiff, who was then in the street about four feet from the west curb and a few feet south of the corner, knocked him down and caused serious injuries involving the loss of his left eye. The parties were in substantial agreement as to these facts, but the plaintiff claimed that having walked to this place in the street he had stopped and remained looking across prior to the impact, while the defendant claimed that he

dashed into the street and against the door handle of her car.

The first claimed error in the charge is the court's failure to instruct the jury as to the circumstances and conditions to be considered in determining whether the defendant had violated the statute as to speed. The court quoted from the statute in these words: "No person shall operate a motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highways." General Statutes, Cum. Sup. 1935, § 566c. The meaning of the statute is clear, and under the facts of this case and in the absence of a request to charge, the circumstances and conditions which the jury has a right to consider in determining whether the defendant violated it are sufficiently set forth in the language quoted from the statute.

The defendant's next contention is that the court erred in failing to explain "proximate cause" in the light of her claim as to how the accident happened. It charged that "to be the cause of those injuries, any negligence you find must have been a substantial factor in bringing those injuries about." Upon the claims of proof and as the case was tried, the question of proximate cause was an incidental rather than a major contested issue in the case. Under such circumstances, no request to charge having been filed, the definition given by the court was adequate. What we said in an earlier case is assuredly applicable here: "The meaning of the term 'substantial factor' is so clear as to need no expository definition. . . . Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs." *Pilon* v. *Alderman,* 112 Conn. 300, 301, 152 Atl. 157.

The defendant further claims that the court's charge as to damages was inadequate because it failed to instruct the jury to take into consideration the probable duration of the plaintiff's life with relation to his permanent injury by the loss of his left eye, and the natural incidents of life which might reduce it. It was not essential as this case was tried, for the court, without request, to charge specifically as to the plaintiff's expectation of life in connection with the permanent injury, by presenting to the jury a mortality table or other basis for the determination thereof. A mortality table is not the exclusive evidence admissible to establish the expectancy of life, since age, health, habits and physical condition may afford evidence thereof. *Donoghue* v. *Smith,* 114 Conn. 64, 66, 157 Atl. 415. Nevertheless, that there was evidence upon this basis here, did not of itself require specific reference thereto in the charge. As this court observed in *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 310, 312, 138 Atl. 151: "The ascertainment of the loss for a personal injury . . . in the case of a minor child . . . depends upon so many contingencies as to be incapable of definite ascertainment and must be largely an estimate based upon conjecture and speculation weighed in the light of experience, and left, upon the facts proven, to the sound judgment, experience and conscience of the trier. . . ." As this issue was presented upon the present record, the court's charge upon this point, that the plaintiff "would be entitled to a sum which in your sound judgment would represent fair and adequate compensation for the physical injuries he has sustained, for the pain, for the suffering, for all of those things alleged in the complaint, of damage done to his body, which has been proved by the better evidence," was correct, adapted

to the issues and sufficient for the jury's guidance. The court did not err in its charge to the jury.

The defendant's claim upon appeal from the denial of her motion to set aside the verdict, is that the court erred because there was insufficient evidence of the plaintiff's experience and judgment to enable the jury to compare his conduct with that of other children, as required by the law of this state, and so to sustain the verdict. It is undisputed that the following is the rule applicable to the plaintiff. " 'Ordinary or reasonable care as applied to a young child means such care as may reasonably be expected of children of similar age, judgment and experience.' " *DiMaio* v. *Yolen Bottling Works,* 93 Conn. 597, 600, 107 Atl. 497; *Lederer* v. *Connecticut Co.,* 95 Conn. 520, 525, 111 Atl. 785; *Marfyak* v. *New England Transportation Co.,* 120 Conn. 46, 50, 179 Atl. 9, and other cases there cited. The defendant argues that the only evidence as to the plaintiff's judgment and experience is that at the time of the accident he was six years old and probably in the second grade in school, and that this is insufficient for the purpose of "enabling the jury to set up the standard objective in its nature,—a child 'of similar age, judgment and experience'—with which his conduct is to be compared and tested," and that more information concerning the plaintiff's judgment and experience is necessary "in arriving at the conception of the child of similar capacities constituting the recognized standard," as stated in the *Marfyak* case at pages 50 and 51.

The answer to the defendant's argument is that the information available to the jury as to the plaintiff's judgment and experience as disclosed by the record, was by no means limited to his age and school grade at the time of the accident. There was also testimony showing that he lived in this populous neighborhood

with his father, who was a factory worker, and his mother; that he had been attending school and was in the second grade at the time of the accident; that he was out of school for a year in consequence of it during which he spent substantial periods in the hospital; that he was back in school in the third grade at the time of this trial, which was two years and two months after the accident; that while he apparently does not engage in competitive games he does "run around" in play; and that at the time of the trial he was approximately nine years old. Furthermore, the finding is that he was exhibited to the jury when it was impanelled, sat before them throughout the trial for a day and a half, and was twice called to the witness stand for the demonstration of his injuries by testifying doctors. From this testimony as to the plaintiff prior to and at the time of the accident, plus that concerning him subsequent to it, and from their actual observation of him at the time of the trial, the jury had an ample basis, making due allowance for the time intervening since the accident, by resort to reasonable inferences to determine what the plaintiff's judgment and experience were at the time he was struck. While "the judgment of the boy—that is, his discretion to heed and his power of self-control—is the predominant element" (*Lederer* v. *Connecticut Co.*, 95 Conn. 520, 526, 111 Atl. 785), direct testimony thereof if admissible, is not required. Such evidence as here, being ample to support a reasonable inference, is sufficient. The court did not err in denying the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.