MEMPHIS ASPHALT & PAVING COMPANY *v.* FLEMING.

Opinion delivered November 7, 1910.

1. NEGLIGENCE—INDEPENDENT CONTRACTOR—LIABILITY AFTER ACCEPTANCE OF WORK.—The general rule is that, after a contractor has turned work over to the proprietor, he incurs no liability to third persons by reason of the condition of the work, and the responsibility for its subsequent maintenance is shifted to the proprietor. (Page 443.)

2. SAME—INDEPENDENT CONTRACTOR—SUFFICIENCY OF ACCEPTANCE OF WORK.—The rule that the liability of a contractor ceases when he turns over the work to the proprietor does not require formal acceptance; the liability of the contractor ceases with the practical acceptance after completion of the work. (Page 444.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; reversed.

*J. H. Harrod* and *Harry H. Myers,* for appellant.

It was for the city authorities to say whether or not a guard rail should be erected. No charge of negligence can be maintained unless it can be shown that there has been some neglect of duty. The contract does not call for the erection of a guard rail nor maintenance of lights, and the proof is absolute that appellant had complied with every specification of the contract in the building of the sidewalk. Moreover, it had been completed and accepted by the city by opening up the sidewalk to public use before the accident occurred. Appellant's request for peremptory instruction should have been granted.

*Bradshaw, Rhoton & Helm,* for appellee.

The fact that the city would not be liable does not absolve appellant, while it was in possession and had charge of the street, from the necessity of exercising such care as was necessary to prevent persons rightfully using the street in the use of ordinary care from being injured. The sidewalk at this point was manifestly dangerous; appellant was in possession; should have erected guard rails and maintained lights to warn pedestrians of the danger, and, failing therein, is liable.

KIRBY, J. In this suit the plaintiff recovered judgment below for $783 damages for personal injury caused by stepping or falling off the north edge of the sidewalk into the town branch in the alley on West Fourth Street, between Center and

Louisiana streets in the city of Little Rock, on the night of September 5, 1909.

This sidewalk was constructed by the Memphis Asphalt & Paving Company along the north side of West Fourth Street, across said alley, over the branch therein, which was about five and a half feet deep and twelve feet wide, its north edge being the property line, under its contract with an improvement district of said city under the supervision of the district's engineer and in accordance with the plans and specifications furnished by the engineer of the city. There was no guard rail or barrier erected along the north edge of the sidewalk where it extended over said branch, nor was any provided for in nor required by the contract for the protection of persons using the walk; neither was there any light placed thereon to warn persons of the danger at the time of the injury. The negligence complained of was appellant's failure to place guard rails or barriers to protect or lights to warn against the danger. Defendant denied any negligence, and contended it had paved the street and constructed the sidewalk in accordance with the contract, and that the work was completed and accepted before the injury occurred.

In our view of the case it is not necessary to point out the errors committed by the trial court in giving or refusing instructions on the question of negligence, for, without regard to that, there does not appear to be any liability upon the part of defendant. The proof shows that the street had been paved and the sidewalk constructed in accordance with the contract plans and specifications, and that it had been in fact and formally accepted by the engineer in charge of the district on September 2, and thrown open to the use of the public, and that plaintiff's injury occurred three days thereafter, and that later the city accepted the improvement of the entire district on October 6 or 7, without any change in the work on this sidewalk. The asphalt company's contract was with the improvement district, not the city.

The general rule is that after the contractor has turned the work over and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work, but the responsibility, if any, for maintaining or using it in its defective condition is shifted to the

proprietor. Thompson on Negligence, 686, and cases cited; *First Presbyterian Congregation* v. *Smith,* 163 Pa. 561, 26 L. R. A. 504; *Daugherty* v. *Herzog,* 145 Ind. 255, 32 L. R. A. 837; *Salliotte* v. *King Bridge Company,* 58 C. C. A. 469.

It would not come within the qualifications to the rule that the work was a nuisance *per se,* or was turned over by the contractor in a manner so negligently defective as to be eminently dangerous to third persons.

"The rule in this connection does not require a formal acceptance of the contractor's work. The liability of the contractor will cease with a practical acceptance after completion of the work." *Read* v. *East Providence Fire District,* 20 R. I. 574, 40 Atl. 760.

The sidewalk improvement having been completed, and the undisputed evidence showing it to have been accepted by the engineer of the district and in fact opened to the use of the public before plaintiff's accident and injury, no useful purpose could be served by sending this case back to the trial court, and it is reversed and dismissed.