JOSEPH B. MANN ET AL. *v.* THE LEAKE & NELSON COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 8—decided June 28, 1945.

*J. Kenneth Bradley,* with whom were *Henry J. Lyons* and, on the brief, *John S. Barton,* for the appellant (defendant).

*Charles Weingarten,* for the appellee (named plaintiff); with whom was *John F. McGowan,* for the appellee (plaintiff Raybestos-Manhattan, Inc.).

MALTBIE, C. J. The named plaintiff, an employee of Raybestos-Manhattan, Inc., brought this action to recover damages for personal injuries he suffered by reason of the claimed negligence of the defendant. The Raybestos corporation was permitted to intervene as a coplaintiff in order to secure reimbursement for workmen's compensation it had paid or become obligated to pay to the plaintiff. When we speak of the plaintiff, we shall refer to Mann. The case was tried to a jury, a verdict was rendered for the plaintiff and the defendant has appealed from the denial of its motion to set the verdict aside.

The jury could have reasonably found these basic facts: In 1942, the defendant entered into a contract with the Raybestos corporation to erect, on the latter's premises and immediately adjacent to one of its factory buildings, an open steel structure, about fourteen feet square and extending to a height of about twenty-eight feet, with its top a little above the roof of the factory building. The various members of which the structure was to be composed were to be fastened together with bolts. A sludge pipe came through the wall of the factory and extended along its side in such a way as to interfere with the position in which the steel structure was ultimately to stand. It was the duty of the Raybestos corporation to remove this pipe. Employees of the defendant entered upon the premises one Friday morning and by afternoon had completed the erection of the structure as far as was possible until the pipe had been removed. They then ceased work and left the premises. The Raybestos corporation was engaged in war work, and its premises were protected by gates and guards. The defendant was to complete the work after the pipe had been removed. When work stopped, the whole structure was apparently bolted together except at one corner, where wire

was used to hold the steel bars in place. The structure leaned slightly away from the factory buildings. On Saturday and Sunday, the plaintiff, with two other employees of the Raybestos corporation, was engaged in removing the sludge pipe. About noon on Sunday, he was helping to lower a plank from the top of the structure and for that purpose was on the roof of the factory building, kneeling on one knee near the edge. He reached out with one arm to steady himself against a diagonal bar which served to brace the structure. The bar was in its proper position, but was not bolted at its lower end. The pressure exerted against it by the plaintiff dislodged that end, and, losing his balance, he fell into the pit at the base of the structure, suffering the injuries for which he is seeking to recover in this action.

One of the principal claims of the defendant is that it was not liable for the plaintiff's injuries because at the time they occurred the Raybestos corporation was in control of the premises. The well-established general rule is that, where the owner of premises employs an independent contractor to perform work upon them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work until such time as it has been completed, turned over to and accepted by the owner. *Bogoratt* v. *Pratt & Whitney Aircraft Co.*, 114 Conn. 126, 142, 157 Atl. 860; 27 Am. Jur. 534; note, 41 A. L. R. 8, 79. Such acceptance need not be by any formal act, but may result from the conduct of the parties. *Read* v. *East Providence Fire District*, 20 R. I. 574, 578, 40 Atl. 760; *Memphis Asphalt & Paving Co.* v. *Fleming*, 96 Ark. 442, 444, 132 S. W. 222; *Haynes* v. *Norfolk Bridge & Construction Co.*, 126 Neb. 281, 286, 253 N. W. 344; *Donaldson* v. *Jones*, 188 Wash. 46, 50, 61 Pac. (2d) 1007. Assumption of full control of the

subject matter of the contract by the owner would ordinarily be sufficient to establish acceptance of the work; and, where for any reason the contractor suspends performance after a part has been done, the owner, by exercising such control, may evidence his acceptance of that portion of it. *Bethlehem Steel Co.* v. *Variety Co.*, 139 Md. 313, 322, 115 Atl. 59, 31 A. L. R. 1021, and note, 1030. That was the situation before us in *Calkins* v. *Liggett Drug Co., Inc.*, 124 Conn. 14, 197 Atl. 693. In that case, the named defendant, operator of a drug store, had employed an independent contractor to alter a doorway to it; the work required the installation of a new metal threshold; except for setting it, the work was completed; and the plaintiff fell because of a defective condition at the entrance. The trial court found that the defendant had, at that time, control of the entrance. In sustaining a judgment for the plaintiff, we discussed the case upon the basis that, as the trial court could properly find that the drug company, and not the contractor, was in control, the former was liable. We did not state, as we might well have done, that, as the drug company had control, the trial court was justified in a further conclusion to which it had come, that the work had been turned over to and accepted by the drug company. A-115 Rec. & Briefs, back of p. 10. In the present case, the jury could well have found that the structure had not been turned over to or accepted by the Raybestos company and that, for injuries due to a defective condition in which it was left when the defendant ceased work on Friday, the defendant was liable.

The defendant also contends that there was no evidence that it was guilty of any negligence. It may well be that the circumstances of this case do not satisfy the condition of the doctrine of res ipsa loquitur that the thing causing the injury must be in the pos-

session and control of the party charged with negligence. *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, 122, 167 Atl. 90. That would not, however, preclude the jury from drawing any proper inferences from the facts in evidence. The negligence of the defendant must have arisen from the fact that the crossbeam against which the plaintiff pressed, while in proper place, was not fastened in any way at one end, so that it was dislodged by the pressure. The defendant offered evidence that, except at one corner not involved in any way in the accident, the members of the structure had all been bolted together when its employees left the job on Friday, and that after the accident some loose bolts such as those used to fasten them were found in the pit at the bottom of the structure; but any implication from this evidence that some person had removed the bolts after the defendant's employees had properly fastened the member in place may well have seemed to the jury far less probable than that the defendant's employees had failed to bolt it, and the jury might properly have inferred that the latter situation in fact existed. *Fallo* v. *New York, N. H. & H. R. Co.*, 123 Conn. 81, 84, 192 Atl. 712; *Foster* v. *Hartford Buick Co.*, 131 Conn. 348, 350, 39 Atl. (2d) 884. The jury could reasonably have found that, except for the corner which was wired, the structure had all the appearance to the plaintiff and the men working with him of having been securely fastened together. From the relative positions of the structure and the sludge pipe, it could be inferred that the defendant anticipated that employees of the Raybestos company would climb about that structure in the work of removing the pipe. While the testimony of the plaintiff was somewhat inconsistent as to the extent to which he examined the lower end of the crossbar which gave way, the jury could find that,

257

while he was on the roof, he glanced at the place and, although he saw no bolts there, assumed that it was welded in position. We cannot hold that the jury were bound in law to conclude that the defendant had sustained its burden of proving him guilty of contributory negligence because he put his weight on the bar without having made a sufficiently close examination to determine whether or not it was in fact securely fastened.

There is no error.

In this opinion the other judges concurred.