The **HOME INSURANCE COMPANY OF NEW YORK**, Plaintiff,

v.

The **MICHAEL HOFFMAN FUEL COMPANY**, Inc., Defendant.

Civ. No. 4698.

United States District Court, D. Connecticut.

Nov. 29, 1954.

Goldstein & Greenberg, New Haven, Conn., for plaintiff.

Coles & O'Connell, Bridgeport, Conn., Frank Covello, Valentine D. Clementino, Hartford, Conn., for defendant.

SMITH, Chief Judge.

The plaintiff is suing as subrogee of its assured, Donnelly's, Inc. of South Norwalk, Connecticut, for damages from a fire allegedly caused by defendant's failure to maintain in proper order the oil burner system in the building owned by a third party in which Donnelly's, Inc. was located.

The defendant has moved to dismiss, for more definite statement, and to strike out certain allegations.

The motion to dismiss in regard to the first, second, and third counts may be granted, it appearing on the face of the complaint that they fail to state a claim upon which relief may be granted. The first and third counts are claims in contract which fail because of a lack of privity of contract and because the damages were not within the contemplation of the parties. The second count is barred by the Connecticut statutes of limitation. Gen.St.1949, § 8324.

The defendant has also moved to dismiss the fourth count which may be summarized as alleging that the defendant had a duty to keep the oil burner system supplied with oil and in good repair, that this duty arose from the service contract with the owner of the building, that there was a negligent breach of that duty which proximately caused the fire in question and thereby the damages claimed.

A complaint should not be dismissed for insufficiency unless it appears that the plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. It does not so appear here.

Failure to use due care in the performance of one's contractual duties may in some instances give rise to actions for negligence. Dean v. Hershowitz, 119 Conn. 398, 406–409, 177 A. 262. The plaintiff hopes to be able to show that the defendant, even though classified as an independent contractor, was still engaged in the performance of its contractual obligations of supply and service at the time of the fire and therefore liable to third persons for failure to use proper care. See Mann v. Leake and Nelson Co., 132 Conn. 251, 254, 43 A.2d 461. Even if the contractual services were completed they may have been done in such negligent fashion as to be immediately dangerous to third persons. If such occurs and the contractee who accepts the job would not have discovered the defect on reasonable inspection, the independent contractor may still be liable. Bogoratt v. Pratt & Whitney Aircraft Co., 114 Conn. 126, 142, 157 A. 860.

Since it does not appear to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of its claims, the motion to dismiss the fourth count is denied.

Because the defendant is not unable to answer the complaint, the motion for more definite statement is denied without prejudice to the defendant's right to use discovery procedure to elicit the information sought.

The motion to strike is concerned only with various allegations in the first and second counts which have been dismissed. Paragraphs one through five of the first count incorporated by reference into the fourth count are not affected.

The motion to strike, having become moot, is denied.

The motion for more definite statement is denied without prejudice to discovery procedure.

The motion to dismiss is granted as to the first, second and third counts, denied as to the fourth count.