JAMES G. CHESSER *v.* GEORGE KING AND MEMPHIS CONCRETE SILO CO.

5-4585                                              428 S. W. 2d 633

Opinion delivered June 3, 1968

*Pope, Pratt, Shamburger, Buffalo & Ross,* for appellant.

*Frierson, Walker & Snellgrove,* for appellees.

J. FRED JONES, Justice. This is an appeal by James G. Chesser from a summary judgment of the Lawrence County Circuit Court in favor of George King and Memphis Concrete Silo Company. Chesser was the plaintiff in the trial court and King and the Silo Company were co-defendants.

The facts are undisputed and, as established by the pleadings, and by the affidavits and depositions in support of the motion for summary judgment, reveal that the appellee Silo Company is a Tennessee corporation engaged in the manufacture of concrete silos of different heights, widths, and capacities, which are sold through agents to various customers. The silo walls are erected by the Silo Company from four inch thick blocks, or staves, prefabricated in Memphis and the silos are erected on foundations furnished by the purchaser.

Certain of these prefabricated concrete blocks contain steel bars with right angle bends so that in the erection of the silo, or one of a group of silos, the blocks containing the steel bars are placed one over the other to form a ladder ten inches wide with rungs of 9/16 steel extending five inches from the face of the silo wall and being from fourteen to fifteen inches apart.

Although the ladder is primarily placed for the use and benefit of the Silo Company employees in erecting the silo, when the silo is completed the ladder remains on the wall available for whatever use the owner may make of it. Since these ladders appear on the wall of each silo, or on one silo in each series, they have become accepted in the trade by the purchasers of silos as simply a part of the silo.

The Arkansas Rice Growers Association purchased, through appellee King, four such tanks or silos to be erected at Tuckerman, Arkansas. The silos were erect-

ed by the Silo Company and turned over to the purchaser. The appellant, while employed by the association owner, was climbing the ladder for purposes of changing a grain spout near the top of the silo and slipped and fell from the ladder to the floor of the silo housing and was injured.

Appellant's action was based on negligence in erecting the ladder, negligence in the manufacture and supplying of a negligently designed product and on breach of implied warranty.

The portion of appellant's complaint pertinent to this appeal, as abstracted, is as follows:

"That the defendant, Memphis Concrete Silo Company, through its agents, particularly George King, was negligent in the following respects:

a. In failing to supply and erect parallel sides to said ladder as required by the Arkansas Labor Safety Code.

b. In failing to extend the rungs of said ladder to a distance of at least 6½ inches from the face of said silo as required by the Arkansas Labor Safety Code.

c. In failing to supply and erect a ladder with rungs measuring at least 15 inches across the front as required by the Arkansas Labor Safety Code.

d. In failing to supply and erect a cage or basket guard to said ladder as required by the Arkansas Labor Safety Code.

That the defendant knew, held themselves out as knowing, or by the exercise of reasonable diligence should have known that the ladder was constructed, designed and installed in a manner that violated the requirements of the Arkansas Labor Safety Code. That these acts of negligence created an imminently

dangerous, unsafe and hazardous condition to persons using said ladder. That the defendants were further negligent in manufacturing, supplying and erecting a negligently designed product. That said acts were a direct and proximate cause of the injuries sustained by the plaintiff.''

On appeal, the appellant abandons his theory of negligence in the erection of the silo and he does not argue breach of warranty. Appellant's contention here is that the trial court erred in granting appellees' motion for summary judgment when the complaint was predicated upon the theory that the appellee Silo Company was negligent in manufacturing and selling negligently designed product.

The record is clear that appellee King only sold the silo and checked upon its erection for the appellee Silo Company, and had nothing to do with its manufacture or design. As to the appellee Silo Company, we do not agree with appellant that the trial court erred in directing a summary judgment for the appellees.

While the direct liability of the manufacturer to the injured consumer in products liability cases is well established in Arkansas (see *International Harvester Co. v. Land,* 234 Ark. 682, 354 S. W. 2d 13), we do not have the authority or inclination to extend the rules of negligence to make a manufacturer liable in a tort action for failure to meet the specifications of rules promulgated under the Arkansas Labor Safety Code. The entire statute (Ark. Stat. Ann. §§ 81-101—81-119 [Repl. 1960]) is directed to *employers and employees* in relation to working conditions, safety and enforcement of the labor laws in connection therewith, and it is not shown to us that these statutes apply, or were intended to apply, to manufacturers in the *design* of products to be sold on the open market.

In review of a summary judgment, we must view

the motion in the light most favorable to the party resisting the motion. In the case at bar, even if we should find the allegation of negligence to be as to the specific acts and not the violation of the safety code, with that violation being only evidence that the specific acts were negligent, summary judgment was proper.

The general rule in cases of this nature is stated in *Memphis Asphalt & Paving Company* v. *Fleming,* 96 Ark. 442, 132 S. W. 222, where appellant contracted with a city improvement district to construct a sidewalk alongside a street and across a branch, but did not construct a guard rail or barrier where the sidewalk crossed the branch, nor did the contract call for one. Appellee was injured by falling from the sidewalk into the branch and the negligence alleged was the failure to construct a guard rail. Appellant contended that the sidewalk was constructed in accordance with the contract and that the work was completed and accepted before the injury occurred. This court reversed the trial court and dismissed the cause of action, stating that:

> "The general rule is that after the contractor has .turned the work over and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work, but the responsibility, if any, for maintaining or using it in its defective condition is shifted to the proprietor. Thompson on Negligence, 686, and cases cited; *First Presbyterian Congregation* v. *Smith,* 163 Pa. 561, 26 L. R. A. 504; *Daugherty* v. *Hergog,* 145 Ind. 255, 32 L. R. A. 837; *Salloitte* v. *King Bridge Company,* 58 C. C. A. 469.

> It would not come within the qualifications to the rule that the work was a nuisance *per se,* or was turned over by the contractor in a manner so negligently defective as to be eminently dangerous to third persons.

> 'The rule in this connection does not require a for-

mal acceptance of the contractor's work. The liability of the contractor will cease with a practical acceptance after completion of the work.' *Read* v. *East Providence Fire District,* 20 R. I. 574, 40 Atl. 760.''

The above rule and exceptions have been upheld by this court in the later cases of *Canal Construction Company* v. *Clem,* 163 Ark. 416, 260 S. W. 442, 41 A. L. R. 4; and *Reynolds* v. *Manley,* 233 Ark. 314, 265 S. W. 2d 714. Under the *Canal Construction* case, supra, the contractor cannot be held liable even if it be conceded that the record shows substantial evidence of such negligence, and the contractor remains liable *only to the proprietor* for a breach of his contract; with the responsibility to others, if any, for maintaining or using the work product in its defective condition being shifted to the proprietor after acceptance.

In the case at bar, appellees have shown by affidavits and depositions, submitted in support of their motion for summary judgment, that they contracted to do the work with the Arkansas Rice Growers Association; that the work was carried out in accordance with the specifications contained in the contract; that the work was completed and turned over to the owner on July 18, 1964; that appellees inspected the silo in September 1964 and have not been on the job since; that the work was accepted by the owner and final payment made *prior* to December 22, 1964, when appellant was injured; and that the size and manner of construction of the ladder is open and visible to anyone who looks at it.

Under these facts, we cannot say that the general rule does not apply, even in the light most favorable to appellant. Neither do the recognized exceptions apply, as it cannot be said here that the ladder is a nuisance *per se,* or that it is erected by the appellee in such a manner as to be immediately and imminently dangerous

to third persons, especially where there is no showing of a latent defect in the construction.

In *Mid-South Insurance Company* v. *First National Bank of Fort Smith,* 241 Ark. 935, 410 S. W. 2d 873, this court stated:

> "In *Epps* v. *Remmel,* 237 Ark. 391, 373 S. W. 2d 141, (1963), this court approved the following statement from *United States* v. *Dollar,* 100 F. Supp. 881 (1951); 'The motion [for summary judgment] requires the opposition to remove the shielding cloak of formal allegations and demonstrate a genuine issue as to a material fact.'
>
> In the face of documentary support for summary judgment, Mid-South would force the case to trial by merely contending that an issue exists, without any showing of evidence. This would defeat the whole purpose of summary judgment procedure."

Since appellant has not disputed appellees' facts by submitting affidavits or depositions to refute the motion for summary judgment, we find no genuine issue as to a material fact and under the general rules stated, a summary judgment as a matter of law was proper. The judgment of the trial court must be affirmed.

Affirmed.