Norma Francis MILLIGAN, Individually, and· as
Administratrix of the ESTATE of James Edward·
MILLIGAN, Deceased *v.* COUNTY LINE LIQUOR,
INC.·

86-18                                     709 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered May 27, 1986

*Odom, Elliott & Martin*, by: *Don R. Elliott, Jr.*, for
appellant.

*Bassett Law Firm*, by: *Wm. Robert Still, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. Vincent Paul Vulpi, a minor,
purchased six bottles of beer from the appellee, County Line
Liquor, Inc. Immediately after purchasing the beer, Vulpi left
appellee's premises and, while opening a bottle of beer, lost
control of his vehicle and struck an oncoming vehicle. As a result
of the collision, appellant's husband was killed.

Appellant sued both Vulpi and appellee. She contends that
appellee was negligent in selling beer to a minor in violation of
Ark. Stat. Ann. § 48-901 (Repl. 1977) and that appellee's
negligence was the proximate cause of the accident. Appellee
moved for summary judgment pursuant to ARCP Rule· 56,
arguing there was no genuine issue of material fact and that it was
entitled to a summary judgment as a matter of law. The trial
court granted the summary judgment in favor of the appellee
liquor store. We affirm.

■ .In *Carr* v. *Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965), we stated: "It may be that a Dramshop Act is to be desired, but such a measure should be the result of legislative action rather than of judicial interpretation." The primary purpose of this appeal is to see if we will reverse our position and now adopt such a measure by judicial fiat. The facts are not squarely before us for a redetermination of the issue since there is no allegation that Vulpi ever consumed any of the beer, but, even so, we decline to change our position because of the essential soundness of the common law rule. That is, it is the consumption of intoxicants, not the sale standing alone, which is the proximate cause of injuries.

■ Appellant next argues that the trial court erred in ruling that as a matter of law there was no proximate cause between violation of the statute prohibiting the sale of beer to a minor and the accident. The argument, in essence, is simply another way to contend that Ark. Stat. Ann. § 48-901 (Repl. 1977) is a Dramshop Act. We have previously rejected the argument. In *Carr* v. *Turner, supra*, we stated it is clear that in enacting Ark. Stat. Ann. § 48-901 the General Assembly did not intend to change the common law rule of nonliability.

Affirmed.

PURTLE, J., not participating.