
Pat YANCEY, et al. *v.* THE BEVERAGE HOUSE OF
LITTLE ROCK, INC., et al.

86-197                                    723 S.W.2d 826

Supreme Court of Arkansas
Opinion delivered February 16, 1987

*Gary Eubanks and Associates*, by: *Gary L. Eubanks* and
*James Gerard Schulze*, for appellant Pat Yancey.

*Howell, Price, Trice, Basham & Hope*, by: *William H.
Trice, III*, for appellant Herbert Thompson, et al.

*Wright, Lindsey & Jennings*, for appellee.

DARRELL HICKMAN, Justice. ■ This is an appeal asking
us to reconsider our recent decision in *Milligan* v. *County Line
Liquor, Inc.*, 289 Ark. 129, 709 S.W.2d 409 (1986), and our
decision 22 years ago in *Carr* v. *Turner*, 238 Ark. 889, 385
S.W.2d 656 (1965). The question is: should we deviate from our
cases and the common law and impose liability on those who sell
intoxicants for injuries caused by those who drink intoxicants?
The answer is no. Once again, after considering all the argu-
ments, we decide not to change our position.

The sale in this case is alleged to have been illegally made to a
minor, twice on the same evening, the second time while the minor
was intoxicated. The minor was then involved in a one-car
accident in which two teen-aged passengers were killed. The

appellants sought recovery from the appellee liquor store for wrongful death. The trial court granted summary judgment for the appellees on the basis that the appellants failed to state a cause of action against the appellees. The facts and arguments in this case are similar to those in *Milligan.*

We explained in *Carr* why we considered this to be a decision for the legislature rather than the courts. The implications are far-reaching; if such a public policy is adopted, it should be by the legislature, not us.

It is suggested that the legislature's hands are bound because of language in *Carr* and *Milligan,* stating ". . . it is the consumption of intoxicants, not the sale standing alone, which is the proximate cause of the injuries." The argument is made that the legislature cannot determine proximate causation, only the courts can decide that, and we have precluded legislation by this statement.

We meant to place no such roadblock to legislation commonly called a "Dramshop Act." On some questions of legal liability, we have deferred to the legislature. See *Chesser* v. *King,* 244 Ark. 1211, 428 S.W.2d 633 (1968); *Henshaw* v. *Henderson,* 235 Ark. 130, 359 S.W.2d 436 (1962).

Affirmed.