Laurie RONE *v.* H.R. HOSPITALITY, INC., and
Shamrock Properties, Inc.

88-69                                    759 S.W.2d 549

Supreme Court of Arkansas
Opinion delivered November 14, 1988

108

*Sanders & Hill*, by: *Robert Sanders*, and *Wilson, Enstrom, Corum & Dudley*, by: *William R. Wilson*, for appellant.

*Wood, Smith, Schnipper & Clay*, for appellees.

TOM GLAZE, Justice. This case is another of a series of cases which involves the sale or giving of alcohol to a person who became intoxicated and, as a consequence, injured himself or a third party. *See Alpha Zeta Chapter of Pi Kappa Fraternity* v. *Sullivan*, 293 Ark. 576, 740 S.W.2d 127 (1987) (where fraternity, hosting a hayride, furnished alcohol to a minor [rushee], who was struck and killed by a car as he left the trailer parked on one side of the road to cross to the other side of the road); *First Am. Bank of North Little Rock* v. *Associated Hosts, Inc.*, 292 Ark. 445, 730 S.W.2d 496 (1987) (where a person, attending a local bar's happy hour, became intoxicated, and as he left the bar, he fell striking his head on the pavement which caused him serious injuries); *Yancey* v. *Beverage House of Little Rock, Inc.*, 291 Ark. 217, 723 S.W.2d 826 (1987) (liquor store sold liquor to an intoxicated minor who subsequently was involved in a one-car accident in which two teenage passengers were killed); *Milligan* v. *County Line Liquor, Inc.*, 289 Ark. 129, 709 S.W.2d 409 (1986) (liquor store sold beer to a minor, who later lost control of his car when he was opening a bottle of beer causing his car to strike an oncoming vehicle killing the driver of the other vehicle); *Carr* v. *Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965) (tavern owner illegally sold drinks to a woman until she was visibly intoxicated and as a result of her drunkenness, she later ran her car into a parked taxi cab causing injuries to a third party). In

each of these cases we have held that one who furnishes alcohol to a minor or to someone who is inebriated is not liable by doing so.

Because this lawsuit arises out of an automobile accident which occurred after a company-employee champagne party, the appellant seeks to distinguish this case from our prior case law by arguing that this court should apply well-settled common law negligence and hold the employers liable for furnishing alcohol to the employees. Stanley Little and the appellant were co-employees of the appellees. The appellant left the champagne party with Little and was a passenger in his car. Little, who apparently had become inebriated at the party, lost control of his vehicle and struck a telephone pole. As a result of this accident, the appellant sustained injuries. The appellant now appeals the trial court's granting of the appellees' motion to dismiss for failure to state a claim from which relief can be granted.[1]

Under the circumstances of this case, the appellant contends the employees were encouraged to attend the party, and because of the employers' position of authority or control over the employees, a subtle coercion, or perhaps a requirement, existed for the employees to attend. Appellant urges that, unlike in the social-host setting, there is an added pressure for an employee to drink alcohol at a company party in order to please the employers. Because of this added authority, control and pressure involved in employer/employee relationships, the appellant urges this court to find the employers responsible for any negligence that results from an employee drinking alcohol at an employers' function. We must decline the appellant's urgings, because we find them to be erroneous and contrary to this court's prior opinions.

In view of today's present social values, we would suggest that it may be as acceptable to refuse alcohol as it is to drink. In any event, the appellant's argument that an employer expects an employee to drink, much less drink to the point of intoxication, is based more on speculation than fact. Nonetheless, the appellant's

---

[1] This is the second appeal in this case. The first appeal was dismissed by this court for lack of an appealable order. *Rone* v. *Little*, 293 Ark. 242, 737 S.W.2d 152 (1987). The defendant, Little, who was the party remaining in the law suit, was dismissed from the cause after our ruling.

argument has failed to show this court why this case warrants a different holding than those we reached in our earlier decisions.

First, even when this court accepts as true the allegations contained in appellant's complaint, that the appellees were negligent, the appellant's argument ignores the basic reason upon which this court has repeatedly denied civil liability in cases involving the sale or giving of liquor to minors or intoxicated persons. This court has held that it is the person's own consumption, not the person's act in furnishing the alcohol, that is the proximate cause of any resulting accident and injuries. *See, e.g., Milligan*, 289 Ark. 129, 709 S.W.2d 409. While the appellant argues the control or economic compulsion an employer has over an employee should be viewed differently, we are unaware of any authority that makes such a distinction, nor do we believe such a distinction is a valid one.

■ Appellant cites several cases from other jurisdictions for the proposition that an employer/employee relationship in these intoxication situations should be treated differently. *Chastain* v. *Litton Systems, Inc.*, 694 F.2d 957 (4th Cir. 1982); *Gariup Constr. Co., Inc.* v. *Foster*, 519 N.E.2d 1224 (Ind. 1988); *Dickinson* v. *Edwards*, 105 Wash. 2d 457, 716 P.2d 814 (1986). The *Chastain* and *Dickinson* cases fail to support appellant's claim and instead impose civil liability as to employers in situations where the doctrine of *respondeat superior* was shown to exist, *i.e.,* where an employee's attendance and consumption of alcoholic beverages could reasonably be considered to be within the scope of his employment. Neither of these decisions speaks in terms of pressures being imposed on employees to drink at a company function. Significantly, the appellant in the present case offers no argument that any of the employees here were acting within the scope of their employment when the appellees hosted their employee party.

On the other hand, the Indiana Supreme Court in the *Foster* case did mention the influence and control an employer had over an employee when discussing that employer's potential liability for the negligence of an inebriated employee who left the party in his car and ran head-on into the plaintiff's vehicle. However, the Indiana court also discussed the employer's liability in terms of the employer's violation of a state law, comparable to Arkansas's

law, which makes it unlawful to sell or give away an alcoholic beverage to an intoxicated person. Arkansas courts, unlike Indiana's, have steadfastly rejected the contention that a violation of such a state law was intended to change the common law rule of nonliability. In other words, Arkansas courts have systematically held that a person's selling or giving of intoxicating liquor to an intoxicated person is not the proximate cause of an accident which is later caused by that intoxicated person.

■ In conclusion, we previously have recounted that it is the General Assembly that must impose liability on those who sell or give away alcohol to minors or intoxicated persons who in turn cause injuries to themselves or others. In *Yancey* v. *Beverage House of Little Rock*, this court said, Justice Hickman writing, that, on some questions of legal liability, we have deferred to the legislature. 291 Ark. at 218, 723 S.W.2d at 827. Nothing has changed that would cause us to view this legal and social issue any differently than the way we viewed the matter in *Yancey* and our other prior decisions.

For the reasons stated hereinabove, we affirm the trial court's dismissal of the appellant's complaint.

PURTLE, J., not participating.