[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 121.00)
Plaintiff, Andrew Kitson, filed a complaint in one count sounding in negligence on January 21, 1987 against defendant Newtown Country Club Realty Corporation ("Realty Corp. "). Plaintiff alleges that on January 19, 1985 he was riding a sled down a hill at the Newtown Country Club. Plaintiff alleges that his sled ran over a rise in the snow and into a depression covered with snow, caused by a drainage ditch or culvert. Plaintiff alleges that he was thrown into the air and suffered severe injuries when he hit the ground. Plaintiff alleges that the defendant was negligent in that he knew or should have known that a drainage ditch or culvert covered with snow was a dangerous hidden condition likely to cause injury. Plaintiff alleges that defendant should have warned him about the danger.
On May 18, 1987, defendant filed an answer and special defense alleging that plaintiff's own negligence was the cause of his injuries. Plaintiff filed his reply on March 17, 1988, denying defendant's special defense. On April 17, 1988, defendant filed a request for admissions. In the answer to the request for admissions (#120) filed on May 22, 1990, plaintiff admits that he was not charged a fee nor was he expressly invited to go sledding on the golf course at Newtown Country Club.
Defendant filed a motion for summary judgment on December 28, 1989, along with: a memorandum of law, a copy of the complaint (exhibit A), excerpts from plaintiff's deposition (exhibit B), the answer to the request for admissions (exhibit CT Page 1839 C), the affidavit of Edmund Farrell, President of defendant Realty Corp. (exhibit D), and excerpts from the deposition of Paul Melvin, President of Newtown County Club, Inc. ("the Club"). Defendant asserts that it did not maintain possession and control over the golf course at the time of plaintiff's accident.
I. SUMMARY JUDGMENT
"The summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 261 (1987). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts." Dougherty v. Graham, 161 Conn. 248, 250 (1971). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49 (1986). "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Bartha v. Waterbury House Wrecking Co., 190 Conn. 3, 11 (1983). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446 (1984).
Defendant Realty Corp. states in its memorandum in support of its motion that it is the record owner of the property known as the Newtown Country Club, which includes the golf course where plaintiff's injuries occurred, but it was not in possession and control of the golf course at the time of plaintiff's accident. Defendant asserts that it is not liable for plaintiff's injuries since such liability is premised on possession and control of the property.
II. POSSESSION AND CONTROL
"Liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296 (1974). "One who is in actual possession and control of the portion of premises where an injury occurs is chargeable regardless of any flaw in his right of possession and control." Trainor v. Frank Mercede Sons, Inc., 152 Conn. 364, 369 (1964). CT Page 1840
The supreme court in Daly v. New Britain Machine Co.,200 Conn. 562 (1986) discussed the meaning of the words "possession and control."
 "`Possession' is defined in Webster's Third New International Dictionary as: `the act or condition of having in or taking into one's control or having at one's disposal. . . actual physical control or occupancy of property by one who holds for himself and not as servant of another without regard to his ownership and who has legal rights to assert interests in the property against all others having no better right than himself.'
 "Black's Law Dictionary, Fifth Edition, gives this definition: `The detention and control, or the manual or ideal custody of anything which may be the subject of property, for one's use and enjoyment. . . . That condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons.'
 "`Control' is defined in Webster's as: `power or authority to guide or manage; directing or restraining domination.'
 "Black's states the following: `Power or authority to manage, direct, superintend, restrict, regulate, govern, administer or oversee. . . power or right to order or direct. . . exercise restraining or directing influence over.'
 "To the same effect is Ballentine's Law Dictionary, Third Edition: `To check, restrain, govern, have under command and authority. . . . A position of authority in direction and management.'"
Id., n. 6 at 567.
"Where. . . evidence [indicating an actual assumption and exercise of control of the area where injury occurred] is such that the mind of a fair and reasonable man could reach but one conclusion as to the identity of the person exercising control, the question is one for the court, but, if honest and reasonable CT Page 1841 men could fairly reach different conclusions on the question, then the issue should properly go to the jury for determination. Id. at 369.
Defendant Realty Corp. submits the affidavit of its president, Edmund Farrell, as proof that at the time of the accident it did not maintain possession and control of the golf course. In that affidavit, Edmund Farrell states that defendant Realty Corp. has not been in possession and control of the Newtown Country Club since Newtown Country Club, Inc. became a majority shareholder of defendant, which occurred 40 or 50 years ago. See affidavit, exhibit D.
It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant, and he is given the benefit of all favorable inferences that can be drawn." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516 (1978).
The court finds that the affidavit of defendant's president, Edmund Farrell, is insufficient to prove that defendant did not exercise possession and control over the club and golf course.
Defendant submits a portion of the deposition testimony of Paul Melvin, President of Newtown Country Club, Inc. in which Paul Melvin states that Newtown Country Club, Inc. is responsible for the day to day operation and management of the club and maintenance of the grounds. See deposition, exhibit E. Plaintiff also submits a portion of Paul Melvin's deposition in which he states that whether Newtown Country Club, Inc. possesses and controls the country club and golf course is a tough question. See deposition, exhibit E. "A response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court, [the deponent's] testimony. . . may contradict her earlier statement and a question for the jury to decide may then emerge." Esposito v. Wethered,4 Conn. App. 641, 645 (1985). It is noted that since Paul Melvin could contradict his deposition answers at trial, his deposition answers are insufficient documentation to either support or oppose defendant's summary judgment motion.
It is found that an issue of material fact exists as to whether defendant Realty Corp. as title owner of the golf course maintained possession and control of the club and golf course at the time of plaintiff's injuries and, therefore, summary judgment should be denied and is denied. CT Page 1842
WILLIAM J. McGRATH, JUDGE