[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
The defendant in this matter has moved for Summary Judgment (Motion #109, dated February 3, 1992) in which he claims as a matter of law he cannot be held responsible for the injuries claimed by the plaintiff. The facts are not in dispute. The plaintiff, an employee of ESPN on or about May 15, 1989, fell and was injured when her foot became caught on a track of a sliding glass door installed by the defendant. The defendant, an independent contractor was hired by ESPN to install this door on their premises, which in fact he did on or about December 14, 1988. The defendant claims his work was both completed and accepted on December 14, 1988, when a representative of ESPN signed his in voice. Thereafter, on January 5, 1989 he was paid in full for his services. The plaintiff claims that on May 15, 1989, while in the course of her employment at ESPN, she fell due to the negligent installation of the door and/or due to the defendant's failure to recommend a safer or more suitable door to ESPN. The CT Page 3433 question presented here is whether the defendant has any legal responsibility to this plaintiff after his work was completed and accepted.
The defendant argues that the rule established in Bogaratt v. Pratt Whitney Aircraft Co. 114 Conn. 127 (1932), which exonerates a contractor from claims of negligence once his work is accepted by the owner is still the law in this State. See Wright v. Coe Anderson, Inc., 156 Conn. 145, 151 (1968); Trainor v. Frank Mercede Sons Inc., 152 Conn. 364 (1964); Mann v. Leake 
Nelson Co., 132 Conn. 251 (1945). The plaintiff claims that this rule has been overruled in the matter of Coburn v. Lenox Homes,173 Conn. 567 (1977) when our Supreme Court denied a motion for summary judgment on a claim of a subsequent purchaser of a new home claiming negligence on the part of the original builder for a defective septic system. The defendant argues that this holding overrules Bogaratt. This court is not of that opinion.
In Coburn, the issue was privity — the court stated, "The fact that we are dealing here with a suit by a subsequent purchaser is not fatal to the negligence claim since the requirement of privity should only be applicable to actions growing out of contract theory and should be irrelevant to tort actions." Id. at 574. The discussion that followed of the famous MacPherson v. Buick[1] case merely traces the demise of privity with respect to the law of negligence. Contrary to the dissenting opinion of Chief Justice House in Coburn, the majority opinion does not overrule Bogaratt, nor does it state anywhere in that opinion that it intended to overrule Bogaratt; that case merely holds that foreseeability not privity is the ultimate test in a negligence claim. The court is aware of Zapata v. Burns, 207 Conn. 496, which the defendant may have intended to cite in the last page of her brief. In any event the Zappata case also deals with privity or more properly the abolishment thereof in negligence claims and extends the foreseeability theory to architects and engineers. "The MacPherson rule abolishing the privity requirement in negligence cases was gradually applied to building contractors and by logical extension to architects and engineers." Id. at 517. The instant case is not about privity; it concerns control. No one would deny the right of this plaintiff to bring an action in negligence against this defendant on the theory that there was no privity. If this plaintiff fell and was injured prior to the time the work was accepted by the owner, this motion would fail. The issue here is control. Once the work was accepted, or even before the work is accepted, if the owner again exerts control over the work site CT Page 3434 so that the premises reverts back into the control of the owner, the owner then becomes the responsible party, not the contractor. Calkin v. Liggett Drug Co., Inc., 124 Conn. 14 (1937).
In the instant case, the work was completed and accepted in December of 1988; it was paid for in January of 1989. It was more than four months later, May of 1989, that the plaintiff fell. At that time, the work of the defendant had been accepted and the premises were in the control of the owner. Bogaratt has not been expressly overruled and controls this case. The court will therefore grant the defendant's Motion for Summary Judgment.
/s/ Pellegrino, J. PELLEGRINO