[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#122)
The plaintiff slipped on an oil spot in the parking lot of a shopping center and fell. He brought an action against the owners of the shopping center and Bella Enterprises, the operator of a laundromat in the shopping center (hereinafter "Bella"). The plaintiff was a customer of the laundromat. The case against the owners settled and the action against Bella remains. Bella moves for summary judgment on the ground that it did not have a duty to maintain the parking lot or to warn the plaintiff of the oil spot because it did not own, possess, control and maintain the parking lot.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)H.O.R.S.E. of Connecticut, Inc. v. Washington, 258 Conn. 553, 559,783 A.2d 993 (2001). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000).
The plaintiff responds to Bella's motion by arguing that his fall was caused by Bella's negligence in failing, inter alia, to: properly maintain the parking area, provide a safe area for parking, provide a safe way to get to the laundromat, warn its customers of the oily condition, and close business when it knew or should have known that the parking area was oily.
The plaintiff relies, inter alia, on Frankovitch v. Burton, 185 Conn. 14,440 A.2d 254 (1981), in arguing that the plaintiff had a duty based on an invitor/invitee relationship, and that the question of liability is for the jury to determine. That case, however, does not expressly hold that liability in invitor/invitee cases is a question of fact for the jury. More importantly, the case is distinguishable from the present case in CT Page 5328 that the business proprietor there did not dispute that the portion of land on which the plaintiff fell was part of the leased premises, and that it was in his possession. Id., 17 Thus, the only issue inFrankovitch v. Burton was whether the proprietor and the plaintiff stood in a relationship of invitor/invitee with regard to the portion of the leased property where the plaintiff fell.[1] In other words, the issue was whether the invitee had exceeded the limits of his invitation. Id., 21.
In the present case, however, Bella argues that it did not own, possess, control, operate or maintain the property on which the plaintiff fell. It argues that the parking lot was part of the common areas as defined in the lease with the landlord, and that the lease expressly and unambiguously provides that exclusive control and management of the common areas remains with the landlord.[2]
"Liability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v. Andrews Corporation,154 Conn. 220, 225, 224 A.2d 546 (1966). "Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease. See Martel v. Malone, 138 Conn. 385, 388-89, 85 A.2d 246
(1951)." Gonzalez v. Interstate Connecticut, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 157923 (September 11, 2001, Rogers, J.) "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinsonv. Weitz, 171 Conn. 545, 551, 370 A.2d 1066 (1976). The lease provides, in plain and unambiguous language, that the landlord, and not the defendant, had control of the parking lot. See footnote 3.
As to the issue of possession, the lease provides that the "Landlord hereby demises and leases to Tenant and Tenant does hereby take, accept and hire from Landlord the premises hereinafter described. . . ." Lease, Preamble. Section 1 of the lease describes the premises. It provides that the "premises demised and leased . . . consist of a store unit. . . ." Lease, Section 1. Finally, section 7 provides that the tenant "takes possession of the demised premises . . . Altogether, these provisions make it clear that the defendant only had a possessory interest in the store unit, and not in the parking lot. See Murphy, Inc. v. Remodeling, Etc.,Inc., 62 Conn. App. 517, 522-23, 772 A.2d 154 (2001) ("[a] lease is a contract under which an exclusive possessory interest in property is conveyed").
Therefore, as to incidents in the parking lot, the relationship between the plaintiff and defendant was not that of invitor/invitee, because the defendant, not being in possession of the parking lot, had no authority to confer invitee status on the plaintiff as to that portion of the CT Page 5329 property. Lubenow v. Cook, 137 Conn. 611, 613, 79 A.2d 826 (1951); Statev. Steinmann, 20 Conn. App. 599, 604, 569 A.2d 557, cert. denied,214 Conn. 806, 573 A.2d 319 (1990); State v. Martin, 35 Conn. Sup. 555,560, 398 A.2d 1197 (1978); see footnote 2. Additionally, the duties to inspect and maintain the land, and to warn invitees of dangers on the land, are those of the possessor of that land, who stands in that special relationship with the invitee. See Kurti v. Becker, 54 Conn. App. 335,338, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999) ("[the] possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover") (Internal quotation marks omitted.)
In accordance with the above law, Bella was not the possessor of the parking lot and did not have control over the lot. Therefore, it did not have a duty, based on a special relationship of invitor/invitee, to maintain or warn of dangers on the lot.[3] See Gore v. People's SavingsBank, 235 Conn. 360, 374, 665 A.2d 1341 (1995) ("landlords owe a duty of reasonable care as to those parts of the property over which they have retained control [and that were not] leased to and in the exclusive possession and control of the tenant") (Internal quotation marks omitted.)
The plaintiff also argues that the motion should be denied because the issue of control is a factual question for the jury. He cites Trainor v.Mercede Sons, Inc., 152 Conn. 364, 207 A.2d 54 (1964) in support of this argument. That case, however, does not hold that the issue of control is always a question for the jury, but merely stands for the proposition that where there is a flaw or ambiguity with regard to a defendant's right of possession and control, courts will inquire into actual possession and control" to determine who is liable. See id., 369. Even then, however, the issue does not necessarily go to the jury, if the mind of a fair and reasonable man could reach but one conclusion as to the identity of the party exercising control. See id. In the present case, however, there is no flaw or ambiguity with regard to the landlord and tenant's respective rights of possession and control of the parking lot; the terms of the lease are express, clear and unambiguous in that the defendant tenant did not have possession and control of the lot, and that the landlord did. Therefore, the court does not reach the inquiry into "actual possession and control," and the issue of control accordingly remains a question of law for the court. See Panaroni v.Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969) ("Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant").[4]
CT Page 5330
The plaintiff has not briefed the legal issue of whether Bella can be held liable even though it did not possess, own and control the parking lot area. After citing only two cases involving defendants who did have possession, ownership and control,[5] the plaintiff argues that "[i]n the present case, given the customer/business relationship between the Plaintiff and the Defendant . . . the failure of the Defendant to exercise reasonable care in the particulars set forth in paragraphs 3 (j), 3(k), 3(1) and 3(m)[6] of the Plaintiff's Complaint clearly affords a basis in negligence law for imposing liability on the Defendant." Thus, not only does the plaintiff rely on two cases involving special relationships involving possession, ownership and control, but also argues that the liability of Bella is based on such a special customer/business relationship.
Even though the plaintiff in conclusory fashion states that, "as a matter of law, the Defendant can be liable to the Plaintiff for his injuries in negligence even if it did not possess, own, or control the area where Plaintiff fell," the plaintiff has not provided and discussed any case law holding such, nor has it argued in its brief, or provided case law holding that in cases involving a customer/business relationship liability can be imposed even absent a defendant's possession, ownership and control of the area where the plaintiff fell.
Accordingly, the Motion for Summary Judgment is hereby granted.
RUSH, J.